## DEBORAH HAMILTON *vs.* PHINEAS D. CROSBY.

A testator gave certain real and personal estate to a trustee for an imbecile son, with directions that he should rent the real estate and convert the personal estate into money and put it at interest, and apply the income to the support of the son, and if his comfortable support should in the opinion of the trustee require more than the income so derived, that he should from time to time apply to the son's support such portion of the property as in his sound discretion he should deem proper. The trustee, who was a near relative, took the son into his own family, took care of him and supported him comfortably, and took himself the

personal property and the use of the real estate, rendering no account for the same, and after several years sold a portion of the real estate and applied the avails to the support of the son. The property if managed and applied according to the directions of the will would not have been sufficient for the son's support, and the sale would have been necessary. The trustee acted in good faith and for the interest of the estate in the management of the property and in the sale. Held, in an action of ejectment brought by an heir of the son against a person claiming under the trustee's deed, that the sale was a valid one and that the deed conveyed the interest of the son.

And it seems that it was not necessary to the validity of the deed that it.should set out the power of the trustee to sell, and should state, that the trustee deemed it necessary and proper to sell.

The deed purported to convey the entire interest of the son in the land. He had an absolute interest in an undivided half, and a contingent remainder in the other half, dependent on his surviving his sister, in which case it was to vest in the same trustee for his benefit. The sister was then living but afterwards died before him. Held, that the deed could not operate upon that interest.

DISSEIZIN; reserved by the superior court, upon facts found, for the advice of this court. The case is fully stated in the opinion.

*Beardsley* and *Seeley*, with whom was *Taylor*, for the plaintiff.

*Averill* and *Brewster*, with whom was *Booth*, for the defendant.

DUTTON, J. This is an action of disseizin, to recover a tract of land or an undivided portion thereof, situated in Danbury. The defendant denies any title to the land in the plaintiff, and also denies that he has ousted the plaintiff if she had any title.

We do not deem it necessary to discuss the question of ouster. We are satisfied that if the plaintiff had a legal title to the premises she is entitled to recover.

The only question which creates any serious difficulty in the case arises out of the will of Andrew Akin, who, it is admitted, had at his decease an exclusive title to the demanded premises. The testator, by his will dated December 16th, 1823, gives the use of one half his real estate to his widow for life. He then gives one quarter of his estate, that

is, half of the other half, and also the half of what is subject to the widow's dower, to his daughter Betty in fee simple. The other half, subject to the dower in one half of it, he gives to David Foot in trust for his son John, an imbecile, with a power to sell, which will be considered hereafter. Both these devises however are qualified by another section of his will, which is in the terms following:—

"In case my said son John should die before my said daughter Betty, then my will is that my said daughter shall have that part of my property herein before given in trust for the benefit of my said son John, and if my said daughter should die before my said son, then my will is that that part of my property herein before given to my said daughter, shall be taken by my said brother David Foot, in trust for the benefit of my said son, and be used and applied in the same manner as is herein before provided for that part of my property given in trust for the benefit of my said son."

David Foot declined to serve as trustee, and Eli Akin was lawfully appointed by the judge of probate for the district of Danbury in his place. Betty Akin died July 21, 1860; John Akin in October, 1861. On the 9th day of May, 1854, Eli Akin, assuming to act as trustee both of John and Betty Akin, sold the land in question without any reservation to Susan Knapp, under whom the defendant claims title. It is admitted that the plaintiff is heir at law to one half of John Akin's estate, so that if John at his death had any title to the land in question she is entitled to recover one half of it in this action.

There is no claim that Eli Akin was ever trustee of Betty Akin. As trustee of John he seems to have acted on the supposition that as John in a certain contingency would take Betty's share, he could as trustee of John, and as he conceived under such circumstances of Betty also, dispose of the whole property. It is unnecessary to controvert such an idea. If when the deed was given John's title to her part was wholly contingent, evidently Eli Akin's deed, however legal in other respects, would not convey it. By a reference to the clause of the will which has been quoted, John's right in Betty's estate was a contingent remainder. On well settled

principles of law therefore the plaintiff is entitled to recover the undivided half of Betty's share, and as that was an undivided half of the property, the superior court should be advised that judgment should be rendered in favor of the plaintiff to recover .an undivided quarter of the demanded. premises. This conclusion can not be affected by any other questions that arise in the case. It perhaps ought to be noticed that Betty Akin undertook to dispose of this same property by will dated February 17, 1860. This she manifestly could not do, as her interest in it terminated at her death.

But the plaintiff claims to recover more than the undivided fourth part of the premises, insisting that Eli Akin as trustee had no power to dispose of John's absolute interest in them and that his deed did not convey such title.

This question will depend on the true construction of the fourth clause of Andrew Akin's will, which is as follows:— " All the rest and residue of my property, both real and personal, I give, bequeath and devise to my brother, David Foot, in trust, for the benefit of my son John, and my will is that said trustee shall rent that part of my real estate hereby given in trust as aforesaid, to the best advantage, and convert that part of my personal estate, herein given in trust as aforesaid, into money, and put the same at interest, and apply the annual interest of said money and the annual rents of said real estate to the support,. comfort and convenience of my said son, from time to time, as he shall in the opinion of said trustee need the same; and if my said son should by misfortune be placed in such circumstances as in the opinion of said trustee to need or require for his comfort and support more than the interest of said money and said rents, then my desire is that said trustee shall apply to my said son's use, from time to time, and at all times, such part and so much of that portion of property herein given in trust as aforesaid, as shall in the sound discretion of said trustee be proper for the purpose aforesaid ; and in case of the decease of my said brother before the decease of my said son, then my will is that the judge of the court of probate for the district of Danbury, for

the time being, shall appoint some other fit person to execute the residue of the trust aforesaid, in the manner aforesaid, according to my will herein before expressed." In connection with this clause of the will we are to consider the facts detailed in the finding of the superior court. These facts are the following:—" that said Eli Akin, acting as said trustee, did not convert any of said personal estate into money, or put the same at interest, nor did he ever rent any part of said real estate; but he occupied and used the same himself without accounting therefor, and said John resided with him, and worked for him on the farm as much as he was able, and said Eli furnished said John with board, clothing, fuel, and all necessaries suitable for his comfort and convenience, without keeping any account therefor; and the court finds that from the year .1851 until the death of said John, if the personal estate had been converted into money and the real estate rented to the best advantage, the income thus derived would have been insufficient for the comfortable support and care of said John; and that said Eli, as trustee, on the 9th day of May, 1854, intending *bona fide* to exercise the power given him in the will, and believing there was a necessity for selling a portion of the real estate, undertook to convey the demanded premises by deed of that date to Susan Knapp, wife of James Knapp, in fee. And the defendant afterwards, and before the commencement of this suit, acquired whatever title, if any, was conveyed to said Susan Knapp by virtue of said deed."

The plaintiff insists that, before the trustee could dispose of the property, he was bound to convert the personal estate into money and put it at interest, and to rent the real estate, and to apply the annual interest and the rent to the support of John, and if that was insufficient, then and then alone he could sell the land. Instead of pursuing this course he applied the personal property to his own use, and occupied the land himself. He however was at all the expense of John's board, clothing, &c., and the court finds that he did more for John than the personal estate and the rent of the real estate would have amounted to. The claim of the plaintiff on this point is too technical, harsh and unreasonable to

be admitted. She is in a better condition than if the trustee had followed the strict letter of the will. That he acted up to the spirit of it can not be denied. John was an imbecile and a relative. It was undoubtedly kind and compassionate in the trustee to take him into his family, and apply the personal property and the use of the real estate as he did, as an inadequate compensation. We are satisfied that the deed of the trustee conveyed all the absolute interest which John had at the time in the real estate in question.

The plaintiff must therefore recover an undivided half of the interest of Betty, that is, an undivided quarter of the demanded premises, and no more.

In this opinion BUTLER and McCURDY, Js., concurred. HINMAN, C. J. and PARK, J., did not sit.

NOTE. The deed of Eli Akin to Susan Knapp was executed by him as trustee, but did not state his authority to sell, or that he deemed it necessary and proper to sell, and, except as it described the grantor as trustee of John and Betty Akin, was in all respects like an ordinary warranty deed. It was contended upon the argument by the plaintiff's counsel that the deed was inoperative by reason of these omissions, but as the court upheld the deed, although not remarking upon this objection, it is to be inferred that it was held to be good.      R.