GEORGE W. HAMILTON, ADMINISTRATOR, *vs.* GEORGE DOWNS
AND ANOTHER.

A testator bequeathed certain personal property to trustees, upon the trust " that they or the survivor of them shall take and receive the same for the sole use and benefit of *J. A.*, and that said trustees, or the survivor of them, shall invest and expend the same at their discretion, for the comfortable support during his natural life of the said *J. A.*" He then bequeathed to the same trustees a fourth part of the residue of his estate in trust to invest and expend the same for the use and benefit of the 'said *J. A.* during his natural life, and provided that if, at the death of *J. A.*, any part of the same should remain unexpended, such remaining part should go to one of the trustees and his heirs forever. Held, that *J. A.* took an absolute interest in the property covered by the former bequest, subject to the right of the trustees to manage and expend it during his life.

AMICABLE SUIT. Eli Akins died in 1859, leaving a will, which was duly proved, and of which the important parts are as follows :—

" *Third.* I give and bequeath to my friends George W. Ives and George Downs the sum of twenty-five hundred dollars, upon the special trust and confidence that they, said Ives and Downs, or the survivor of them, shall take and receive the same for the sole use and benefit of my brother John Akins, and that said trustees, or the survivor of them, shall invest, lay out and expend the same at their discretion for the

comfortable support and maintenance during his natural life of the said John Akins."

" *Fifth.* All the rest, residue and remainder of my estate, real and personal, and wherever the same may be situated, I bequeath and devise to my sisters Betty Akins and Deborah Hamilton, and to my said trustees as such, and to said George Downs; that is to say—one-fourth part thereof to the said Betty and to her heirs forever—one fourth part thereof to the said Deborah and to her heirs forever—one fourth part thereof to the said George Downs and to his heirs forever—and one fourth part thereof to the said trustees upon the special trust and confidence that said trustees or the survivor of them shall take and receive the said fourth part thereof and invest and lay out and expend the same for the use and benefit of the said John Akins, during his natural life; and at his death, if any part of the same shall remain unexpended, I give and bequeath the said remaining part so unexpended to the said George Downs and to his heirs forever."

The sum of twenty-five hundred dollars was paid over to the trustees under the will, and no part of the principal was expended by them during the life of John Akins. The latter died in 1861 intestate, leaving no widow or child. The plaintiff as his administrator, and the defendants as the residuary legatees of Eli Akins, made claim respectively to the principal of this trust fund, and the present suit was instituted to determine their rights, the case being reserved for the advice of this court upon an agreed statement embracing the above facts.

*Beardsley* and *Seeley*, for the plaintiff, cited *Ingersoll* v. *Knowlton*, 15 Conn., 468 ; *Hamilton* v. *Crosby*, 32 id., 342 ; *Cook* v. *Holmes*, 11 Mass., 528 ; *Furness* v. *Fox*, 1 Cush., 134 ; *Barrus* v. *Kirkland*, 8 Gray, 512 ; *Baker* v. *Bridge*, 12 Pick., 27 ; 4 Kent Com., 310, note ; *Player* v. *Nichols*, 1 Barn. & Cress., 336 ; *Warter* v. *Hutchinson*, id., 72 ; *Shelley* v. *Edlin*, 4 Ad. & El., 582.

*Ferry* and *Brewster*, contra, cited *James* v. *James*, 4 Paige,

115 ; *Van Kleeck* v. *The Reformed Dutch Church*, 6 id., 600 ;
*Greene* v. *Dennis*, 6 Conn., 292, 305 ; *Leake* v. *Robinson*, 2
Meriv., 362, 392 ; Redfield on Wills, 681, sec. 24.

McCURDY, J.  The language of the 3d section of this will
is very similar to that upon which the court put a construc-
tion in the case of *Hamilton* v. *Crosby*, 32 Conn., 342.

There Andrew Akins had given a share of the property to
David Foot, in trust for the benefit of his imbecile son John,
with direction to the trustee to apply the rents and interest,
and if necessary a part of the principal to his support, comfort
and convenience.  It was held that John Akins took an
absolute interest, subject to the management during his life of
the trustees, and that upon his death the estate descended to
his heirs.

In the present case the bequest of twenty-five hundred dol-
lars is made in trust, that the trustee shall take and receive
the same for the sole use and benefit of the testator's brother
John Akins, that they shall invest, lay out and expend the
same at their discretion, for his comfortable support and main-
tenance during his natural life.

The words "sole use and benefit" in this will are a little
stronger than the expressions of the other, but the meaning
is the same.  The defendant relies upon the terms "during
his natural life," as distinguishing between the two wills, and
reducing the legacy in the present one to a life estate.  Man-
ifestly such was not the intention of the testator.  The un-
doubted purpose was in this case as in the other, to give only
the control and management of the fund to the trustees dur-
ing the life of the imbecile.  The grammatical construction of
the sentence sustains this view, and it is strongly confirmed by
a reference to the 5th section of the will.  By that section
another legacy, a portion of the residue of the estate, is given
to the same trustees in trust for John's support during life,
and then the balance unexpended is bequeathed to one of the
trustees.  But in the section under consideration, giving the
$2,500, no provision subsequent to his life is made.  The
testator must be supposed to have intended to dispose of his
whole estate.  In the construction of wills, where the language

and purpose will permit, courts favor the rules of inheritance. Redfield on Wills, 421.

In ·this case as in the other we think that the absolute interest was in John Akins, and of course that the plaintiff as administrator is entitled to the fund for distribution among the heirs at law.

In this opinion the other judges concurred.