(39 Misc. Rep. 194.)

ILLENSWORTH et al. v. ILLENSWORTH et al.

(Supreme Court, Special Term, New York County. November, 1902.)

1. WILL—CODICIL—REPUBLICATION.

Where a duly executed codicil refers to a will, it republishes it so far as it is not changed thereby.

2. SAME—CONSTRUCTION.

Decedent left all her estate to her husband, and provided that on his death the estate should be equally divided between her brother, her sister, her nephew, and her niece, and that the share due her brother should be invested by the executors for his benefit during his life, and for the benefit of his wife and his children after his death. On the death of her husband, a codicil, "in supplement of the foregoing will," did not alter the provision as to the brother, who died intestate after testatrix, leaving a widow and son. *Held*, that on his death the remainder vested absolutely in them.

Action by Elizabeth Illensworth and others, executors of the will of Harriet M. Kemp, against William P. Illensworth and others, to construe the will. Decree rendered.

Isaac Fromme, for plaintiffs.

W. Stebbins Smith, for defendants William P. Illensworth and Florence C. Illensworth.

Archibald L. Van Ness, for defendant Emma W. Mee.

Edwin A. Watson, guardian ad litem, for defendant Herbert Mee.

GILDERSLEEVE, J. Harriet M. Kemp, deceased, left a last will and testament by which she left everything to her husband, but provided that, in case of the death of her husband, the estate was to be equally divided between her brother, her sister, her nephew, and her niece. The will further provided as follows, viz.: "I hereby direct that the share due my brother, John B. Mee, be invested by my executors for his benefit during his natural life and for the benefit of his wife and his issue after his death." The husband died before

the testatrix, and subsequent to his death she executed a codicil, beginning as follows: "In supplement of the foregoing will, I hereby direct," etc. The codicil in no wise altered the provisions of the will, except by giving $1,000 to one Agnes Timmerman and $1,000 to one Isabella M. Kemp, and by providing for a monument to her husband, and requesting her heirs to spend a portion of their income in charity, and by appointing another executor. The will and codicil were duly probated shortly after the death of the testatrix, and thereafter the brother of the said testatrix, John B. Mee, died intestate, leaving a widow and an infant son. The executors of the will of said Harriet M. Kemp bring this action for a construction of the will, and submit the following questions for the determination of the court, viz.:

"(1) Whether or not the entire will did not lapse after the death of said William M. Kemp, testatrix's husband, or whether it became in operation through and by the provisions stated in said codicil duly executed by said testatrix after the death of her said husband. (2) Whether decedent's brother, John B. Mee, was entitled to his share, devised and bequeathed to him absolutely. (3) Whether the share devised and bequeathed to said John B. Mee was a life estate only, and whether the same in such event is valid. (4) Whether in the event that it is declared that said John B. Mee's interest was a life estate only and the same is invalid, then whether the testatrix died intestate as to that share or interest."

All the heirs are made parties to the suit, and their respective counsel arrive at the same conclusion in the construction of the will, except in one particular. It is conceded by all the parties that the only question for the court to decide is whether or not the will left a life estate to defendant Emma W. Mee, the widow of John B. Mee, and to her child, Herbert Mee. The guardian ad litem for Herbert Mee and the counsel for Emma W. Mee maintain that one-fourth of the estate, after payment of the legacies, became vested absolutely, at the death of John B. Mee, in equal parts in his widow, Emma W. Mee, and his son, Herbert Mee; while the counsel for the plaintiffs and for defendants William P. and Florence C. Illensworth maintain that one-fourth of the estate, after the payment of the legacies, is held for the joint lives of the widow and son of John B. Mee, and the remainder is vested in the heirs of Harriet M. Kemp. As the husband of said Harriet M. Kemp died before her, the provision in the will as to him, of course, lapsed. The execution of the codicil after the death of the husband was a republication of the will, and made the provisions as to the sister, brother, niece, and nephew of Harriet M. Kemp contained in the will effective, as the general doctrine is well settled that a codicil, executed with the formalities required by statutes for the execution of wills, operates as a republication of the will, so far as it is not changed by the codicil. Brown v. Clark, 77 N. Y. 369–378. As we have seen, the provisions as to the brother, sister, nephew, and niece were not changed by the codicil. Under the provision of the will, John B. Mee, the brother, undoubtedly took a life interest in his portion of the estate. He is dead, and the question is as to what became of the remainder. Did it go absolutely to the widow and son of said John B. Mee, or did they only acquire a life interest therein? The wording of the will, as we have seen, is as follows: "I hereby direct

that the share due my brother, John B. Mee, be invested by my executors for his benefit during his natural life and for the benefit of his wife and his issue after his death." What is the effect of the words,. "and for the benefit of his wife and issue after his death?" The rule is. that the court must strive to discover the intention of the testatrix, and give effect to such intention, when it is a legal one. It is also the rule that guesses as to the testatrix's intentions will not be attempted, but the intention is to be collected from the words of the will, free from conjecture, under the guidance of precedents and rules of law, and with a view to the circumstances under which it was made. Red. Sur. (5th Ed.) 225. In the case at bar the attendant circumstances are not disclosed. The rules of law which may serve to guide the court in the matter here presented have been clearly set forth in the cases of Hatch v. Bassett, 52 N. Y. 362, and Paterson v. Ellis' Ex'rs, 11 Wend. 298. Nothing is said in the will as to the disposition of the share of John B. Mee after the death of his wife or child, nor is there any definite direction that they are to take a life estate only in said share. In Hatch v. Bassett, supra, it was held that "a general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself." In the case of Patterson v. Ellis' Ex'rs, supra, it was held by the old court of errors that:

"It is a well-settled rule of construction that effect must, if possible, be given to every word of a will. * * * It is also a rule of law that a devise of the interest or of the rents and profits is a devise of the thing itself out of which that interest or those rents and profits may issue. This rule, however, is to be understood with some limitations. Where the intention of the testator to give only the use is clear, manifest, and undisputed, the rule must yield to the stronger force of the intention, but where it is doubtful whether the use only or the absolute ownership was intended to be given the rule has been allowed to have a controlling effect."

In the case at bar there is, as we have seen, no limit as to continuance or time in the provision for the wife and issue of John B. Mee. In the case of Bishop v. McClelland's Ex'rs, 44 N. J. Eq. 450, 16 Atl. 1, 1 L. R. A. 551, Vice Chancellor Van Fleet holds that "a gift of the interest, income, or produce of a fund, without limitation as to continuance, or without limit as to time, will be held to pass the fund itself, and this effect will be given to a gift made in this form, whether the gift be made directly to the legatee or through the intervention of a trustee." From a careful reading of the will, and in view of the authorities above quoted, I am of opinion that the share of John. B. Mee, deceased, became, upon his death, vested absolutely in his widow, the defendant Emma W. Mee, and in his son, the defendant Herbert Mee.

Ordered accordingly.