not under doubtful construction be given to the state for its benefit. Having reached this conclusion, it follows that the judgment entered and docketed by the county clerk was entered by him by mistake in favor of the state commissioner of excise, and should have been in favor of the state of New York. The judgment having been entered through mistake, and the state commissioner of excise having no interest or right to the fine imposed, and the county treasurer, having the fine in his hands as the custodian of the county funds, he had the right to make an application to have the error corrected. The attention of the court having been called to a mistake in its records, it is its duty to see that the same is corrected. I am therefore of the opinion that an order should be entered striking out the name of the state commissioner of excise from the judgment referred to and inserting in place thereof the "people of the state of New York," and that the county clerk of Greene county be directed to correct such judgment accordingly.

· Ordered accordingly.

---

(76 Misc. Rep. 413.)

#### In re DIBBLE et al.

#### (Surrogate's Court, New York County. April, 1912.)

TRUSTS (§ 140*)—TITLE OF BENEFICIARY.

A bequest to a sister of testatrix of a savings bank deposit, with directions to expend it for the benefit of a named friend, in such manner as will best supply her needs, gives the friend an absolute interest in the whole deposit, which passes upon her death to her administratrix.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 183–187; Dec. Dig. § 140.*]

Proceedings upon the judicial settlement of the accounts of George W. Dibble and another, as executors of the last will of Annie E. Dibble. Decree entered.

Francis W. Judge, for executors.
Clarence S. Davison, for administrator.

FOWLER, S. The question submitted to the surrogate arises on an accounting of the executors for Annie E. Dibble, deceased, and it requires the construction of her will.

The fourth clause of the will of Annie E. Dibble is as follows:

"Fourth. I give to my sister Julia D. Elsworth the moneys to my account in the Tarrytown Savings Bank, to be expended by her for the benefit of my friend Maria F. Stuart, in such manner as will best supply her needs."

Maria F. Stuart survived the testatrix but a few months, and there was at the time of her death an unexpended balance remaining of the money in the Tarrytown Savings Bank of about $4,000. The accounting executors under the will of Annie E. Dibble claim that this should go into the residuary estate and be distributed in the manner provided for in her will for the distribution of her residuary estate. On the other hand, it is claimed by the administrator of Maria F. Stuart that it should go to him as the representative of the said beneficiary. The

question arising under the will of Annie E. Dibble involves, then, the extent of the interest taken by Maria F. Stuart in her lifetime. *Was it an absolute interest or a qualified interest only?*

It has recently been well said that in modern times the instances of testamentary gifts being rendered void for uncertainty are of less frequent occurrence than formerly. At the present time the court is always anxious to give effect to the testator's intention, even if vaguely expressed. On this point the very early adjudications to the contrary are of very little authority.

In the original home of the common law, it is now a rule that a gift of the income of property to a person, without limitation as to time, is a gift of the capital, where no other disposition of the capital is made, and this is the case whether the gift is to the separate use of the person entitled, or is made through the medium of a trust. The adjudications on this point are clear. Boosy v. Gardner, 18 B. 471; Haig v. Swiney, 1 Sim. & St. 487; Humphrey v. Humphrey, 1 Sim. (N. S.) 536; Watkins v. Weston, 32 B. 238; Gorham Mfg. Co. v. Fargo, 3 Jones & S. 434; Penny v. Pippin, 15 Wkly. Rep. 306; Matter of Tandy, Tandy v. Tandy, 34 Wkly. Rep. 748; Davidson v. Kimpton, 18 Ch. Div. 213; Coward v. Larkman, 56 L. T. Rep. 278; 57 L. T. Rep. 285; 60 L. T. Rep. 1; Elton v. Sheppard, 1 Brown Ch. 532, Matter of L. Herminier, Mousey v. Barton (1894) 1 Ch. Div. 675.

The same rule prevails in this jurisdiction and has so prevailed from a very early date. It was clearly stated in substance in Paterson v. Ellis, 11 Wend. 298, and again, with great particularity, in Hatch v. Bassett, 52 N. Y. 362, where it is said:

"A general gift of the income arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself."

In the case of Locke v. Farmers' Loan & Trust Co., 140 N. Y. 146, 35 N. E. 578, this rule was again distinctly affirmed. It has since been frequently recognized. Illensworth v. Illensworth, 39 Misc. Rep. 196, 79 N. Y. Supp. 410.

As the gift to Maria F. Stuart was personal property, it is unnecessary to determine whether she took the legal interest absolutely or through the medium of a trust. The result is the same in either instance. The residuary clause in the will under consideration does not alter the rule.

In Connecticut a similar result seems to have been reached. Hamilton v. Downs, 33 Conn. 211; Hamilton v. Crosby, 32 Conn. 342.

While the statutes of this state since the Revised Statutes have for the most part regulated the quality and the quantity of estates and interests, the common law is still potent in respect of the construction of the quantity of estates intended to be limited by testators. In the Matter of Sanderson's Trust, 3 K. & J. 497, 503, the vice chancellor used this language:

"In reference to gifts of this description, there are two classes of cases between which the general description is sufficiently clear, although the precise line of demarcation is occasionally somewhat difficult to ascertain. If a gross sum be given, *or if the whole income of the property be given,* and a special purpose be assigned for that gift, this court always regards the gift

as absolute, and the purpose merely as the motive of the gift, and therefore holds that the gift takes effect as to the whole sum or the whole income, as the case may be.

"Thus, where there is the gift of a sum to apprentice a child, or to buy a commission for a son, the court gives' effect to the entire gift; and whether the sum can or cannot be applied for the purpose of buying the commission or apprenticing the child, the court holds that the child is entitled to the whole of it.

"So again, with regard to maintenance, as to which the distinction between the two classes of cases is very clearly put by Sir William Grant in Hanson v. Graham, where he says that, if an entire fund is given for the maintenance of children or the like, they take the whole fund absolutely, and the maintenance is treated in effect as simply the motive in making the gift; while, on the other hand, if a portion only of the fund is given for maintenance, then they are entitled to draw out as much only as may be necessary for the purpose specified."

We find the same principle recognized in Matter of Ingersoll, 95 App. Div. 211, 212, 88 N. Y. Supp. 698, where Mr. Justice Jenks says:

"The testator directs that one-half of the rest, residue, and remainder of his estate be held in trust, be invested, and that the income and so much of the principal as shall be deemed necessary be applied to the education, maintenance, and support of his grandnieces and grandnephews. There is no other disposition of such moiety. I think that there is a gift of the principal of that one-half to the said beneficiaries."

If Maria F. Stuart took, as I hold she did take, an absolute interest in the amount in question, the gift is complete, even though the purpose for which it was given failed or became incapable of execution by reason of her death soon after testatrix. Matter of Sanderson's Trust, supra; Barlow v. Grant, 1 Vern. 255; Nevill v. Nevill, 2 Vern. 431; Barton v. Cooke, 5 Ves. 462; Palmer v. Flower, 13 Eq. 250.

In view of the authorities, I hold that the administrator of Maria F. Stuart is entitled to the amount unexpended in the Tarrytown Savings Bank.

Decreed accordingly.