(161 App. Div. 506)

## In re BUTTERFIELD'S WILL.

(Supreme Court, Appellate Division, Second Department.   March 13, 1914.)

DESCENT AND DISTRIBUTION (§ 34*)—PERSONAL PROPERTY—COLLATERAL HEIRS
     PREFERRED.
          Consol. Laws, c. 13, § 98, providing where there is no widow, child, or
     representatives of a child, personal property shall be distributed to the
     next of kin, in equal degree, and their legal representatives, and for dis-
     tribution to brothers and sisters, and their descendants, in whatever de-
     gree, and that no representation shall be admitted among collaterals after
     brothers' and sisters' descendants, prefers brothers and sisters, and their
     descendants to the remotest degree, over all other kindred not in closer
     blood relationship, conforming distribution to descent of realty, and hence
     cousins are not entitled as next of kin as against nephews and nieces and
     their descendants.
          [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§
     97–101; Dec. Dig. § 34.*]

Appeal from Surrogate's Court, Putnam County.

Proceedings for the probate of the will of Julia Lorillard Butter-
field, deceased.   From an order permitting certain first cousins of tes-
tatrix to intervene as next of kin, William E. McReynolds and another,
as special guardians of certain infants, appeal.   Reversed, and motion
for leave to intervene denied.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and
STAPLETON, JJ.

Nathan P. Bushnell, of New York City (Frederick C. Hunter, of
New York City, on the brief), for appellants.

William H. Hamilton, of New York City, for respondents Georgi-
anna Marshall and others.

Charles F. Brown, of New York City, for the proponent and execu-
tors named in will.

STAPLETON, J.   The appeal is from an order of the Surrogate's
Court of Putnam county, permitting certain first cousins of a tes-
tatrix to intervene as next of kin in a proceeding for the probate of a
will.

The executors nominated in the will, in the petition by which the
proceeding was commenced, specified, as all of the heirs at law and
next of kin, a grandnephew and four great-grandnieces of the testa-
trix.   The petition for probate contains an allegation that the testatrix
left her surviving no husband, no child or children, no adopted child
or children, no issue of any deceased child or children, no issue of
any deceased adopted child or children, no father or mother, no broth-
ers or sisters of the half or the whole blood, no issue of any deceased
brother or sister, no uncle or aunt, and no issue of any deceased uncle
or aunt except as above stated.

The surrogate, in determining the motion for leave to intervene, de-
cided that the petitioners for intervention were children of deceased
uncles of the testatrix.   The sole question to be determined is whether
under the Decedent Estate Law (chapter 18, Laws 1909;  chapter 13

of the Consolidated Laws, § 98) the persons who have been permitted to intervene are entitled, as next of kin of the testatrix, to a distributive share of her personal property not lawfully bequeathed. The answer must be found in the Decedent Estate Law as it was written on the 6th day of August, 1913, the date of the death of the testatrix.

In Matter of Youngs, 73 Misc. Rep. 335, 132 N. Y. Supp. 689, the learned surrogate traced, with an accuracy that our investigation has confirmed, the history of the statutes relating to the distribution of personal property of a decedent. We quote his clear and succinct statement of the result of his labor:

"It is, of course, entirely familiar learning that the English statute of distributions in 1774 became by express re-enactment, a part of the law of this state, as it was probably before such re-enactment. It was only revised by the revisers of the Revised Statutes of 1830, without substantial change. Revisers' note to 2 R. S. p. 96, § 75.

"Chapter 686 of the Laws of 1893 next transferred without material change the statute of distributions as contained in the Revised Statutes (2 R. S. 96, § 75) to section 2732 of the Code of Civil Procedure. If we disregard a temporary alteration of the year 1898 (chapter 319), soon removed, in effect, from the statute book (Laws of 1905, c. 539), the statute of distributions, as re-enacted in the Code of Civil Procedure by chapter 686 of the Laws of 1893, remained substantially as displayed in the Revised Statutes, at least until the year 1903, when chapter 367 of the Laws of 1903 varied the language of subdivision 5 of section 75, 2 R. S. 96. Chapter 539, Laws of 1905, in like manner somewhat varied the language of subdivision 11 of section 75, 2 R. S. 97. In other respects the statute of distributions, as first enacted, temp. Charles II, remains in substance on the present statute book of this state."

Under the statute of distributions, which read as former section 2732 of the Code of Civil Procedure, as amended by chapter 319 of the Laws of 1898, the Court of Appeals (Matter of Davenport, 172 N. Y. 454, 65 N. E. 275) held that, where there were no others entitled to preference, a nephew, niece, and two uncles and two aunts were next of kin in equal degree, the degree being the third; that the personalty of the estate should be divided into six equal parts and so distributed; that first, second, and third cousins, descendants and representatives of deceased uncles and aunts of the intestate, should be excluded; and that as the distributees were of the same degree of kinship it was unnecessary to invoke the doctrine of representation.

In the case at bar the petitioners for intervention are all issue of uncles; that is, they are cousins and in the fourth degree of collateral consanguinity to the testatrix, as also is the grandnephew mentioned in the petition for probate. The great-grandnieces mentioned in the petition for probate are in the fifth degree.

Since the decision in Matter of Davenport, ut supra, there have been two changes in the statute regulating the distribution of personal property of intestates:

(1) The statute then contained the provision:

"Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

This provision was placed in the statute of distributions by chapter 319 of the Laws of 1898. Prior to the enactment of this last-mentioned statute, the law was:

"No representation shall be admitted among collaterals after brothers' and sisters' children."

This latter provision was restored, substituting the word "descendants" for "children," and the former abrogated, by chapter 539 of the Laws of 1905. The provision, as it existed before the amendment by chapter 319 of the Laws of 1898, was held to exclude, from participation in personal estates of intestates, children of first cousins in favor of first cousins, and that the brothers and sisters referred to in the statute are the brothers and sisters of the decedent. Adee et al. v. Campbell, 79 N. Y. 52. This case is authority for the proposition that, as the statute read at the time of the death of the testatrix, no one except brothers' and sisters' descendants could take under the statute by representation.

(2) Chapter 367 of the Laws of 1903 amended section 59 of the Decedent Estate Law by adding the words contained within brackets; so that the statute read at the time of testatrix's death:

"5. If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; [and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all·direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."]

The added words are substantially the words used in section 87 of the Decedent Estate Law providing for the descent·of inheritance where all nearer of kin in degree of propinquity to the intestate have predeceased him. The form only is slightly changed by the adoption of words appropriate to the legal devolution·of the different species of property. What was the design of these two amendments? We think the design was clearly to prefer brothers·and sisters of an intestate, and all the direct lineal descendants of brothers and sisters to the remotest degree, as distributees over all other kindred not in closer blood relationship to the intestate, and thus conform the distribution of personalty to the descent of realty. No other purpose is apparent. The other provisions of the statute may be read effectually in harmony with this purpose, so as to give effect to all its provisions.

We are unable to see how section 87 and subdivision 5 of section 98 of·the Decedent Estate Law, expressed in substantially the same words, are to be construed under a certain state of facts, the one as excluding the uncles and aunts and their descendants from inheritance, and the other as including them among distributees.

The petitioners for intervention have no status as next of kin·of the testatrix, and the order permitting them to intervene should be reversed.

Order reversed, with $10 costs and disbursements, and motion for leave to intervene denied, with costs. All concur.