In re CLOWES.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

DESCENT AND DISTRIBUTION (§ 34*)—TAXATION (§ 889*)—PERSONS ENTITLED
—INHERITANCE TAXES.

Decedent Estate Law (Consol. Laws, c. 13) § 98, subd. 5, providing, where there is no widow, child, or representatives of a child, personal property shall be distributed to the next of kin in equal degree, and for distribution to brothers and sisters and their descendants in equal degree, a niece and a grandnephew will take in exclusion of an aunt, and the burden of transfer taxes on the personalty of the deceased must be borne by them.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 97–101; Dec. Dig. § 34;* Taxation, Cent. Dig. § 1710; Dec. Dig. § 889.*]

Appeal from Surrogate's Court, Nassau County.

In the matter of the taxation of the transfer tax on the property of Mary D. Clowes. From an order of the surrogate, modifying a previous order, Martin V. W. Hall, as administrator, appeals. Order reversed, and matter remitted.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Paul E. Mead, of New York City, for appellant.
George Wallace, of Jamaica, for respondent.

JENKS, P. J. The sole question is as to the correctness of the apportionment of the transfer tax so far as the personal property is concerned. The parties affected are M. Duryea, an aunt of the half blood of the intestate, H. Wood, a niece, and M. Hall, a grandnephew. We are of opinion that the niece and the grandnephew take in exclusion of the aunt. See subdivision 5, § 98, of the Decedent Estate Law (Consol. Laws, c. 13), as interpreted in In re Butterfield's Will, 161 App. Div. 506, 146 N. Y. Supp. 671, 180 N. Y. St. Rep. 671, affirmed June 3, 1914. The burden of the tax must be borne accordingly.

The order is therefore reversed, with $10 costs and disbursements, and the matter is remitted to the Surrogate's Court of Nassau County. All concur.