In the Matter of the Judicial Settlement of the Account of Proceedings of GODFREY GOLDMARK, as Administrator c. t. a. of GEORGE FAUVEL GOURAUD, Deceased.

GODFREY GOLDMARK, as Administrator, etc., and ADA HELEN, Appellants; POWERS GOURAUD, Respondent.

First Department, February 21, 1919.

Executors and administrators — voluntary accounting — when surrogate should not order reference thereon — jurisdiction of surrogate to construe will upon accounting — construction of will upon appeal from order denying application to vacate order of reference — equitable conversion — rules of construction — when gift of income intended as gift of corpus.

Where, upon a voluntary proceeding by an administrator for an accounting and for the construction of the will and the appointment of a trustee to administer trusts therein provided for, it is stated in the petition that it is uncertain whether upon the death of the life beneficiary of the residuary estate her niece takes the remainder or whether it passes as intestate property to the widow, brother and sister of the testator, and the brother appears and claims that said remainder is not disposed of by

the will, the surrogate should construe the will, under section 2510 of the Code of Civil Procedure, and should not subject the estate to unnecessary expense by ordering a reference.

Upon appeal from an order of the Surrogate's Court denying the application of the administrator to strike out objections to his accounts and to vacate an order referring the issues, the will may be construed.

A testator after making specific bequests to his executor and to another friend, gave all of the residue of his estate to the trustee in trust to sell and convert the same into money, and after the payment of his debts and testamentary expenses, to invest the res due and to pay the income thereof to a certain person during her life and on her death to her niece. There was no reference in the will to the wife or brother or sister of the testator. *Held*, that the will must be construed as giving the remainder to the niece of the life beneficiary absolutely upon the death of said beneficiary.

The provisions of the will directing the executor to sell and convert into money all of the estate are mandatory and worked an equitable conversion of the realty as of the time of the death of the testator.

As a general rule a will should be so construed as to avoid intestacy.

A gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus.

APPEAL by Godfrey Goldmark, as administrator c. t. a., and by Ada Helen, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 30th day of September, 1918, denying the application of the administrator to strike out objections filed to his accounts and to vacate an order referring the issues arising on said objections and on an answer interposed by the respondent.

*Charles A. Runk,* for the appellant Godfrey Goldmark, as administrator, etc.

*Edwin C. Mulligan,* for the appellant Ada Helen.

*Benjamin E. Messler* of counsel [*Johnston & Messler,* attorneys], for the respondent.

LAUGHLIN, J.:

This is a voluntary proceeding for an accounting, and for the construction of the will and the appointment of a trustee to administer the trust or trusts therein provided for, instituted by the administrator on the 23d day of April, 1918.

It is stated in the petition that it is uncertain whether upon the death of Ellen Ann Hackett, the life beneficiary of the residuary estate of the testator, Ada Helen takes the remainder or the remainder passes as intestate property to the widow and brother and sister of the testator, who for that reason were cited on the accounting, subject to the life use thereof by Ada Helen. The respondent, who is the brother of the testator, appeared and filed an answer claiming that said remainder is not disposed of by the will and that he and his sister take it, in so far as it represents real estate, subject to the dower interest of the widow of the testator, and that they and she take the personalty. The respondent and the widow filed objections to certain items of disbursements with which the administrator credited himself in his account and the widow further objected to the payment of said remainder to Ada Helen.

The learned surrogate evidently of his own motion made the order of reference referring it to a referee to hear and determine all questions arising on the answer and objections and settlement of the account which the surrogate had power to determine and to report thereon to the court.

The motion to strike out the objections and to vacate the order of reference was made on the ground that the brother and widow of the testator, the only objectors to the account, have no interest in the estate and that, therefore, an unnecessary expense to the estate will be incurred if they are permitted to contest the reasonableness and lawfulness of the disbursements of the administrator.

The learned surrogate wrote no opinion and it does not appear whether the motion was denied on the theory that the remainder was not disposed of by the will or in the exercise of discretion on the ground that the order of reference was authorized by section 2536 of the Code of Civil Procedure and that, therefore, the court properly may await the report of the referee. It is not, however, material on what ground the motion was denied for we think it should have been granted. If the remainder passed under the will it became vested absolutely in the appellant, Ada Helen, and since on that theory those who filed objections to the account would have no interest, it is manifest that they should not be per-

First Department, February, 1919.          [Vol. 186.

mitted to subject the estate to expense. The will, therefore, should have been construed at the outset. The construction of the will on this point did not require evidence and is not a point on which the court needed the aid of an opinion of a referee; and the court should have construed the will as authorized by section 2510 of the Code of Civil Procedure in order to avoid subjecting the estate to unnecessary expense and needlessly harassing the administrator. (*Matter of Butterfield*, 161 App. Div. 506; affd., 211 N. Y. 395; *Matter of Wagner*, 119 N. Y. 28; *Matter of Hamilton*, 76 Hun, 200.) The learned counsel for the respondent while contending generally that the remainder was not disposed of by the will, refrains from arguing the point on the ground that in his opinion the construction of the will is not presented by the appeal. In that we are obliged to differ with him; and we, therefore, proceed to construe the will. The will was executed in London, Eng., where the testator resided, on the 22d day of March, 1914, but it was duly offered for and admitted to probate in the county of New York on the 4th day of April, 1916. The executor and trustee named in the will was a British subject and he refused to qualify, and on the 14th day of June, 1916, letters of administration, with the will annexed, of the goods, chattels and credits left unadministered by the testator were duly issued to the petitioner. The account of the petitioner shows that the only property that he has received as such administrator came from the interest of the testator in a parcel of land situate at the northwest corner of Third avenue and Fourteenth street in the borough of Manhattan, New York. The entire body of the will is contained in a single paragraph in the handwriting of the testator by which he revokes all former dispositions of his property, appoints an executor and trustee, makes specific bequests to the executor and to another friend and then gave all of the residue of his estate to the trustee in trust to sell and convert the same into money and after the payment of his debts and the funeral and testamantary expenses " to invest the residue and to pay the income thereof to Mrs. Ellen Ann Hackett of 17 Pallison Court Barons Court London W. during her life and on her death to her niece Ada Helen of 67 The Lawns Shepherd's Bush," and he then gave directions with respect to the securities

in which the trust funds should be invested and authorized the executor and trustee to employ, at the expense of the estate, a solicitor to perform any business or act required in the administration of the estate or of the trusts, including the receipt and payment of money; but he expressed a preference to have the duties performed by the executor and trustee.

The provisions of the will directing the executor to sell, call in and convert into money all of the estate not consisting of money are clearly mandatory and worked an equitable conversion of the realty as of the time of the death of the testator. Mrs. Hackett resides in London, Eng., and the appellant Helen in Cork, Ireland. The respondent and the widow of the testator reside in the city of New York, but his sister resides in London, Eng.

It is a well-settled rule in the construction of wills that where a will is susceptible of a construction by which there may be a testamentary disposition of the entire estate of the testator, that construction will be given, for it is to be presumed that the testator by executing a last will and testament intended to dispose of his entire estate unless a contrary intent is found in the provisions of the will, and, therefore, the general rule is that a construction which avoids intestacy is to be given rather than one which creates intestacy. (*Kalish* v. *Kalish,* 166 N. Y. 368, 375; *Meeks* v. *Meeks,* 161 id. 66, 71; *Matter of Ossman* v. *Von Roemer,* 221 id. 381, 387; *Williams* v. *Petit,* 138 App. Div. 394; *Schult* v. *Moll,* 132 N. Y. 122.)

There is no reference in the will to the wife or brother or sister of the testator and there is no room for inference that that he intended to leave the remainder undisposed of so that they might take it after two life estates therein, for if he had been solicitous for them it is probable that he would have made some provision for them during the continuance of the life estates. If he intended to give Ada Helen a life estate only, it is a reasonable inference that he would have limited her estate to one " during her life " as he had done with respect to the estate given to Mrs. Hackett. It is a well-settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment with no other disposition of the corpus is intended as a gift of the corpus. (*Hatch* v. *Bassett,* 52 N. Y. 362;

*Locke* v. *Farmers' Loan & Trust Company*, 140 id. 146; *Tabernacle Church* v. *Fifth Avenue Church*, 60 App. Div. 327; *Matter of Dibble*, 76 Misc. Rep. 413 and English authorities therein cited.) Under this general rule, the will must be construed as giving the remainder to the appellant, Helen, absolutely upon the death of Mrs. Hackett.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted, without costs, and that an order should be entered discharging the administrator on paying over the fund to a trustee to be appointed to administer the trust.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs, and an order directed to be entered as stated in opinion. Order to be settled on notice.