GUARANTY TRUST COMPANY OF NEW YORK, as Executor of and Trustee under the Last Will and Testament of FRANCES I. EICHBAUM, a Non-resident Decedent, with Respect to the Estate of Said Decedent Situated Elsewhere than in England, Plaintiff, *v.* FREDERICK PAGE CUTTING, Individually and as Administrator, etc., of ISABELLA CUTTING COURTENAY, Deceased, and Others, Defendants.

Supreme Court, New York County, December 13, 1927.

Wills — construction — testatrix, after giving income of trust for maintenance of daughter with any surplus over to named legatee, directed that on death of both, income was to go to defendant's son — in event of son's decease without issue, fund was to be divided among three charitable institutions — on death of two life beneficiaries and survival of son without issue, son is entitled not only to entire income of fund, but to corpus as well — English rule that gift of income of property without limitation with respect to time of enjoyment, with no other disposition of corpus, is intended as gift of corpus, applicable herein — since specific contingency which entitled charities to property has not occurred, son is entitled to property absolutely.

In this action for a judicial settlement of the accounts of an executor and testamentary trustee, wherein the only question to be determined is who is entitled to the residue of the corpus of a trust estate, it appears that testatrix, after giving the income of the trust for the maintenance of a daughter with any surplus over to a named legatee, directed that if said legatee survive the daughter she was to have the entire income for life and on the death of both, the income was to go to the son of the testatrix. If he did not survive them, the fund was to be paid to his children, but in event of the son's decease without issue, the fund was to be divided among three charitable institutions. The will omitted to consider the death of the two life beneficiaries and the survival of the son without issue. On the happening of that contingency the son is entitled not only to the entire income of the fund, but to the corpus of the trust.

The English rule, that a gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus, applies where testatrix has been held to be a resident of England and the trust consists of personal property.

The specific contingency which entitled the charitable corporations to the property has not occurred, and they cannot be in any proper position to make demand, in view of the legal construction of the testatrix's intention to vest the property in her son absolutely upon the death of the other life annuitants.

ACTION by executor and trustee for judicial settlement of its account, construction of the will and instructions.

*Waldron K. Post,* for the plaintiff.

*Leon R. Jillson,* for the defendants Julian Strode and Frederick Page Cutting.

Misc. 856]                    Supreme Court, December, 1927.

LEVY, J. This is an action by the plaintiff, as executor and testamentary trustee, for a judicial settlement of its account, a construction of the will and instructions as to the proper disposition of the property in its hands. It now moves for final judgment in respect to the items mentioned, and the one question to be determined is, who is entitled to the residue of the corpus of the trust estate. The testatrix made the following provisions as to income: Her daughter Isabella was to receive income for her maintenance, and any surplus remaining was to be paid to Mary Nelson Paterson. If the latter survived the daughter, she was to receive the entire income for life. Upon the death of both, the income was to go to the defendant Frederick Page Cutting, the son of the testatrix, and if he did not survive them, the trust fund was to be paid over to his children. In case of the son's predecease without issue, the trust fund was to be divided among three charitable institutions, which have been served with process but failed to answer.

Defendant Cutting seeks an adjudication to the effect that he is entitled to the corpus together with any unexpended accumulations of income. The testatrix was very careful in specifically providing for a number of contingencies, but unfortunately omitted consideration of the very situation which has arisen — the death of the two life beneficiaries and the survival of her son *without issue.* There is no difficulty, of course, in deciding that he is entitled to the entire income. But if he has a present right to the corpus as well, then the trust of necessity must terminate, and the testamentary trustee be relieved of its charge. It is indeed significant that the testatrix failed to mention the life limitation in providing that the income should be paid to her son after the death of the other life beneficiaries. Hence, what is said by Mr. Justice LAUGHLIN in *Matter of Goldmark* (186 App. Div. 447, 451) is wholly applicable in construing the intention of the testatrix: " If he intended to give Ada Helen a life estate only, it is a reasonable inference that he would have limited her estate to one ' during her life ' as he had·done with respect to the estate given to Mrs. Hackett. It is a well-settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment with no other disposition of the corpus is intended as a gift of the corpus. (*Hatch* v. *Bassett,* 52 N. Y. 362; *Locke* v. *Farmers' Loan & Trust Company,* 140 id. 146; *Tabernacle Church* v. *Fifth Avenue Church,* 6C App. Div. 327; *Matter of Dibble,* 76 Misc. Rep. 413, and English authorities therein cited.) Under this general rule, the will must be construed as giving the remainder to the appellant, Helen, absolutely upon the death of Mrs. Hackett."

The English authorities which adopt this rule are entirely pertinent, because the testatrix was held to be a resident of England, and the trust estate consists of personal property; the provisions of the trust must, therefore, be construed according to the laws of England. The rule would be absolutely decisive were it not for the provision that in the event of defendant's predeceasing the other life beneficiaries without leaving issue, the trust fund was to be paid over to certain specified charities. The specific contingency which entitled these foundations to the property has not occurred, and they cannot be in any proper position to make demand in view of the legal construction of the testatrix's intention to vest the property in her son absolutely upon the death of the other life annuitants.

Judgment is, therefore, directed in conformity with this opinion. The plaintiff will submit a decision and decree on notice to defendant Cutting and compute its commissions as upon a termination of the trust.