In the Matter of the Estate of CYRUS W. HORTON, Deceased.

Surrogate's Court, Westchester County, June 16, 1936.

*Howard C. Kelly,* for the petitioner Marguerite Smith and others.

*Isadore Vogel,* for Sara D. Horton, individually and as executrix.

SLATER, S. This proceeding is one for a compulsory accounting and for a construction of the will.

The decedent died October 17, 1931, leaving him surviving a widow and seven children, all of full age. One son, Cyrus W. Horton, Jr., died intestate on February 20, 1932, without leaving any children. The decedent's widow died intestate on October 22, 1932. The will appoints the wife and the daughter, Sara D. Horton, as executrices.

The balance of the testator's property, under the seventh paragraph of the will, was to be held in trust for his wife " so long as she may live," with power of invasion.

The eighth paragraph provides that, after the death of the wife, the net income derived from the estate mentioned in the seventh paragraph shall be paid to the daughter, Sara D. Horton, " as long as she remain unmarried and in addition thereto such further sums out of the principal of my said estate as my daughter shall deem necessary for her maintenance and her judgment and discretion in this matter as to additional payments shall be final and conclusive."

The ninth paragraph provides that, in the event the daughter, Sara D. Horton, marry *prior* to the death of the wife, the estate be divided among his children.

Sara D. Horton, the daughter, did not marry prior to the decease of the wife so the tenth paragraph comes into operation. The tenth paragraph provides that " in the event that my daughter Sara D.,

marry *subsequent* to the decease of my wife, then, and in that event, I order and direct that my estate be divided in the manner set forth in paragraph ' ninth.' "

By the provisions of paragraph ninth the estate is to be divided as follows: To the daughters, Marguerite Smith, Adelaide E. Warner, Bertha C. McCloskey and Sara D. Horton, and the son, Clarence F. Horton, is given each a one-sixth equal part of the estate, " and the balance thereof constituting a one-sixth equal part of my estate, I give, devise and bequeath to my daughter, Sara D. or whoever may be appointed to carry out the provisions of this trust, in trust nevertheless, for my two sons, Cyrus William, Jr., and Walter F., each to receive one-half of said one-sixth interest in so far only as the income thereof is concerned and not the principal of said trust, and I further direct that my said trustee, in her discretion and sole judgment, shall not be required to pay the income thereof to the said Cyrus William, Jr., or Walter F., if, in her discretion she deem it best not to."

I hold that upon the decedent's death the estate given in the seventh paragraph of the will vested in the decedent's children named in the ninth paragraph, subject to the widow's life estate and subject to the estate of the daughter given in the eighth paragraph of the will, namely, " as long as she remain unmarried," with the right to invade the corpus.

The gift in the ninth paragraph of the will to the sons, Cyrus W. Horton, Jr., and Walter F. Horton, each a one-twelfth interest, was also vested in them. The testator's attempt to create a trust of this interest was abortive. He made a gift of the income, with no limitation with respect to the time of its enjoyment. There is no disposition over. Consequently, the rule of law applies that " a gift of income tends to vest in the beneficiary the capital of which the income is given. (*Cammann* v. *Bailey*, 210 N. Y. 19.) ' It is a well settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus.' (*Matter of Goldmark*, 186 App. Div. 447, citing *Hatch* v. *Bassett*, 52 N. Y. 362; *Locke* v. *Farmers Loan & Trust Co.*, 140 id. 146; *Tabernacle Baptist Church* v. *Fifth Ave. Baptist Church*, 60 App. Div. 327; *Matter of Dibble*, 76 Misc. Rep. 413.) " (*Matter of Allen*, 111 Misc. 93, 125; affd., 236 N. Y. 503; *Matter of Harris*, 138 Misc. 287, 289.)

The daughter Sara D. Horton is the surviving trustee of the trust. She cannot serve in that capacity alone. The court will appoint another trustee to be joined with her.

There is no merit in the contention that the gift to the daughter Sara D., while she " remain unmarried," is a provision in restraint of marriage and against public policy and void.

The term " as long as she remain unmarried " is one of limitation and cannot be considered as a bequest in restraint of marriage. Authorities uphold a limitation designating marriage as the extent of the bequest, which the courts distinguish from a condition in restraint of marriage. (*Irwin* v. *Irwin*, 179 App. Div. 871 [2d Dept.]; *Robinson* v. *Martin*, [1910] 200 N. Y. 159.)

The executrix and trustee is directed to file an account of proceedings within thirty days from the date herein.

Proceed accordingly.