## In the Matter of the Estate of ELLA D. TUBBS, Deceased.

Surrogate's Court, Oneida County, January 28, 1939.

*Miller, Hubbell & Evans* [*Stedman B. Tuthill* of counsel], for the petitioner.

*Robert Knox Murray* [*Frank R. Nemeti* of counsel], for Elizabeth Tubbs Nolan.

RINGROSE, S. Incidental to the relief sought in this proceeding for the appointment of a successor trustee to administer the uncompleted trusts established by the will of Ella D. Tubbs is a construction of the third and fourth paragraphs of the will, which provide as follows:

" *Third.* I give and bequeath to Percy McGeorge the note of D. S. B. Johnston Land Company, of St. Paul, Minnesota, for $825.00, or any other securities which may be substituted for it, *in trust* to hold the same, investing and reinvesting the principal, and to pay over the net income to the Trustees of the Presbyterian

Church at Knoxboro, New York, and in the event the said Church shall cease to hold regular services for the period of six months, at any time, then to pay over the net income to the Presbyterian Board of Ministerial Relief and Sustenation, a Corporation duly incorporated under the laws of the State of Pennsylvania.

"*Fourth.* I give and bequeath to Percy McGeorge the Mortgage and Deeds of Trust, now held by me, negotiated by R. B. Wheeler & Co., of St. Paul, Minnesota, and William McGeorge, Jr. & Sons, Philadelphia, Pennsylvania, amounting to Fifty-eight hundred Dollars ($5800), or any other securities which may be substituted for them, *in trust* to hold the same, investing and reinvesting the principal, and to apply the net income, or so much of it as may be necessary, to the support, maintenance and education of my adopted daughter, Elizabeth Ethel Tubbs, until she arrives at the age of twenty-one years, after which time to pay over to her the net income in equal quarterly installments, or at such other intervals as she shall desire, but not oftener than once each month, such payments not to be subject to anticipation, nor to be liable for her debts, or those of any husband she may have."

It appears that the Presbyterian Church of Knoxboro, N. Y., the primary *cestui que trust* under the third clause of the will, has ceased to hold regular services for a period of more than six months, which terminates its right to the income which follows the next eventual estate and vests in the Presbyterian Board of Ministerial Relief and Sustenation, now known as the Board of Pensions of the Presbyterian Church.

The controversial question under this third clause of the will is whether the title to the corpus does not follow the income and vest in the Board of Pensions.

It is obvious that the testatrix anticipated the possibility of a discontinuance of regular services by the Knoxboro Church and designated a substitutional beneficiary. This gift of the income to the Board of Pensions of the Presbyterian Church is without limitation with respect to the time of enjoyment and there is no other disposition of the corpus in the event of the termination of the corporate life of the beneficiary or upon the happening of any other contingency. Nor is an inference possible from the other provisions of the will of any intent on the part of the testatrix to preserve the corpus for a successive purpose or beneficiary.

It follows that the legal title to the corpus of the trust created in the third clause of the will vests in the Board of Pensions of the Presbyterian Church. (*Locke* v. *Farmers' L. & T. Co.*, 140 N. Y. 135.)

The same issue is raised by the *cestui que trust* under the fourth clause of the will, who claims the legal title to the corpus under the familiar rule stated in *Matter of Goldmark* (186 App. Div. 447).

It is obvious that such a result would be wholly contrary to the intent of the testatrix manifested in this paragraph of her will and likewise inferable from the presence of the residuary clause. The testatrix contemplated a provision for her adopted daughter in the nature of a spendthrift trust and by expressed direction provided that the income was " not to be subject to anticipation, nor to be liable for her debts, or those of any husband she may have."

This direction alone is adequate to rebut any inference that she intended the corpus to vest in her daughter. While it is possible that intent alone would not preclude the operation of the rule vesting the corpus in the beneficiary of the income in order to preserve testacy, the presence of the residuary clause eliminates the necessity for the application of the rule and permits the court to adopt a construction conforming to the intent of the testatrix.

The application of the rule that " a gift of the income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus " has for the most part been applied where the income was derived from the corpus forming a part of the residuary estate, and where there was no residuary clause and a contrary ruling would result in intestacy. (*Hatch* v. *Bassett*, 52 N. Y. 359; *Matter of Goldmark, supra; Matter of Franze*, 251 App. Div. 837; *Matter of Horton*, 160 Misc. 64.)

In the instant case the residuary clause disposes of the corpus of the trust which by clear implication terminates upon the death of the *cestui que trust* and the intention of the testator being clear the rule must yield to the intention. (*Cammann* v. *Bailey*, 210 N. Y. 19, 30.)

Decreed accordingly.