was no evidence from which the conclusion could be drawn that the plaintiff was a sham. I think, therefore, that, although we must affirm the determination of the justices below, they were in error in holding that there was nothing to go to the jury as to who was the real party in interest.

The determination appealed from should be affirmed, with costs to the respondent in this court to abide event. All concur.

---

## In re INGERSOLL.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. WILLS—CONSTRUCTION—ESTATE ACQUIRED.

A testator directed that a half of the residue of his estate should be held in trust for investment, and that the income and so much of the principal as should be necessary should be applied to the education and support of his grandnieces and grandnephews. There was no other disposition of this part. *Held* a gift of the half of the residue to the beneficiaries named.

2. EXECUTORS—COMMISSIONS.

The failure of an executor to procure a judicial construction of the will, and his refusal to pay anything to the beneficiaries thereunder, based on a plausible, though erroneous, view of the will, do not warrant the withholding of commissions earned.

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of Horace L. Ingersoll as executor of Henry S. Ingersoll, deceased. From a decree of the Surrogate's Court (85 N. Y. Supp. 293) the executor appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John J. O'Brien, for appellant Horace L. Ingersoll.
Francis B. Chedsey, for appellant Horace Ingersoll.
Frederick I. Pearsall, special guardian in pro. per.

JENKS, J. The testator directs that one-half of the rest, residue, and remainder of his estate be held in trust, be invested, and that the income and so much of the principal as shall be deemed necessary be applied to the education, maintenance, and support of his grandnieces and grandnephews. There is no other disposition of such moiety. I think that there is a gift of the principal of that one-half to the said beneficiaries. Earl v. Grim, 1 Johns. Ch. 494; Paterson v. Ellis' Ex'rs, 11 Wend. 260, 298; Smith v. Post, 2 Edw. Ch. 523, 526; Hatch v. Bassett, 52 N. Y. 359, 362; Bishop v. McClelland's Ex'rs, 44 N. J. Eq. 450, 16 Atl. 1, 1 L. R. A. 551; Matter of Smith, 131 N. Y. 239, 30 N. E. 130, 27 Am. St. Rep. 586. In Bishop v. McClelland's Ex'rs, supra, the vice chancellor says: "There can be no doubt that a gift of the interest, income, or produce of a fund, without limitation as to continuance, or without limit as to time, will, according to a settled rule of construction, be held to pass the fund itself; and

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 2131.

this will be the effect given to a gift made in this form, whether the gift be made directly to the legatee or through the intervention of a trustee"—citing authorities.

I think that the executor should not have been deprived of his commissions. In Matter of Rutledge, 162 N. Y. 31, 56 N. E. 511, 47 L. R. A. 721, it was held by a closely divided court that a surrogate might, in his discretion, refuse the statutory commissions. But there was not such misconduct, negligence, or wrongdoing as warranted the deprivation in this case. On the contrary, it appears the executor has rendered services, and has been faithful. No objections were filed to his account, and the special guardian reported approving the accounts as stated. It did appear that one of the grandnieces wrote twice in 1903 to the executor—once saying that she was in need, and stating that she could use "her portion"; and again, inquiring whether she could get the money left to her—without receiving answers. On the hearing the counsel for the executor stated that he claimed that the lady was married, and that her husband was able to support her, and should do so. And when this was stated as "one of the grounds" the learned surrogate said, "Then I shall not allow any commissions to this executor on that statement of the counsel that he has taken the position that this lady is a married woman, and that her husband ought to support her." The silence of the executor was discourteous. His position may have been wrong, but it was plausible, in view of the reading of the will, that the entire sum was to be held in solido for the support and maintenance of five persons; and there is some authority in Woodruff v. Woodruff, 54 App. Div. 414, 418, 66 N. Y. Supp. 936, for such position. I think that omission to seek a construction of the will is not a ground for withholding commissions otherwise earned. The imposition of costs for opening the default should not be disturbed.

The decree of the surrogate should be modified in accord with this opinion, and, as modified, affirmed, with costs to the special guardian out of the estate. All concur.