Matter of the Petition of GEORGE R. PUTNAM to Render and Settle His Account as Executor of and Trustee under the Last Will and Testament of MARY PUTNAM BULL, Deceased.

(Surrogate's Court, Westchester County, June, 1920.)

Gifts — absolute — personal property — wills.

A gift of income from personal property, making no mention of the principal, is equivalent to a gift thereof.

Where executors were given the exclusive control of $20,000 with direction to apply it in such amounts to the benefit of testator's nephew as would in their judgment promote his happiness and comfort, the nephew takes the principal as an absolute gift.

Surrogate's Court, Westchester County, June, 1920.  [Vol. 112.

PETITION for the construction of a will.

Noble & Camp, for petitioner.

SLATER, S.  In this accounting proceeding the petitioner asks for construction and the true meaning and legal effect of paragraph sixth of the last will and testament of the testatrix.  Paragraph 6 is as follows:

" *Item.*  I direct my said Executors to set apart the sum of Twenty thousand dollars ($20,000) the same to be subject to the exclusive control of said Executors whom I further direct to pay and apply therefrom such sum of money to and for the benefit and comfort of my nephew, Charles M. Putnam, now of Chicago, Illinois, at such times and for such purposes and in such amounts as will in the judgment of said Executors best promote his happiness and comfort."

The first codicil to the will bearing date March 22, 1895, contains the following provision: " In addition to what I have left in my will to my nephew Charles M. Putnam, now of Chicago, Illinois, I hereby give and bequeath to him the sum of two thousand dollars ($2000.) absolutely, to be given to him immediately after my decease."

Does paragraph 6 of the will create an absolute bequest, or does the gift of $20,000 upon the death of Charles M. Putnam pass to the residuary legatees named in said will?

The provision is without limitation as to duration of the enjoyment of the gift and the words of the provision are not inconsistent with absolute ownership. This paragraph of the will falls within the principle of law set forth in *Hatch* v. *Bassett,* 52 N. Y. 359, wherein it was held by Judge Grover that a general gift of the income arising from personal property making no mention of the principal is equivalent to a general gift of the property itself.

I think there is a gift of the principal as it was without limitation as to the continuance or without limit as to time. *Matter of Ingersoll*, 95 App. Div. 211; *Matter of Dibble*, 76 Misc. Rep. 413; *Matter of Goldmark*, 186 App. Div. 447.

Decree to be entered upon the accounting in accordance with this opinion.

Decreed accordingly.