In the Matter of the Estate of CHARLES H. HOYT, Deceased.

Surrogate's Court, New York County, March 16, 1925.

**Wills — construction — one-half of income of trust fund given to named beneficiary for life with direction that at his death said bequest be divided equally between Lambs' Club and Actors' Fund of City of New York — said corporations take income of entire fund without limit of time — gift construed as gift of corpus — term " Actors' Fund of the City of New York " means " the Actors' Fund of America."**

A will which gives one-half of the income of a trust fund to a named beneficiary for life with direction that upon said beneficiary's death said bequest be divided equally between the Lambs' Club and the Actors' Fund of the City of New York, will be construed as giving to the said corporations the income of the entire fund without limit as to time. The gifts of the income should be con-

Surrogate's Court, New York County, March, 1925.　　[Vol. 124

strued as in perpetuity and construed as a gift of the corpus in the absence of no other disposition of said corpus.

The term " Actors' Fund of the City of New York " in said will means " the Actors' Fund of America."

PROCEEDING for accounting by surviving trustee, in which he petitions for leave to resign, for the appointment of a successor trustee, and for the construction of the will.

*Davies, Auerbach & Cornell* [*Julien T. Davies* of counsel], for Thomas B. Clarke.

*Dittenhoefer & Dishel* [*I. M. Dittenhoefer* of counsel], for Actors' Fund of America.

*Samuel B. Hamburger,* for The Lambs.

*Sidney G. Soons,* for the Town of Charlestown, N. H.

*David A. Ticktin,* special guardian.

*Gerald J. Barry,* for the contestant.

FOLEY, S.:

This is an accounting by the surviving trustee in which he petitions for leave to resign, for the appointment of a successor trustee, and for a construction of the will. The testator gave his residuary estate to his trustees in trust, with directions to expend the income thereof for the maintenance of his mausoleum and for other purposes not material here.

The trust fund consists of personal property only. The will further provided that the balance of income be paid one-half to Frank McKee during his life, and the other half equally to the Lambs' Club and the Actors' Fund of the City of New York. The will continues:

"*Eleventh.* After the death of said Frank McKee, said one-half income from the rest, residue and remainder of my estate which was to go to him, the whole of said income, * * * shall be evenly divided between the said Lambs' Club of the City of New York and the said Actors' Fund.

"*Twelfth.* In case the said Lambs' Club or the said Actors' Fund declines to accept the bequests herein, then the same shall be paid to the said Frank McKee, and in case of the death of the said Frank McKee, and in case both the said Lambs' Club and the said Actors' Fund shall cease to exist, then the said rest, residue and remainder of my estate shall be paid to the town of Charlestown, State of New Hampshire, the same to be expended in maintaining the main and side streets on which my property fronts."

By the term "Actors' Fund of the City of New York," the tes-

tator undoubtedly meant " the Actors' Fund of America," and I so hold.   Frank McKee, one of the trustees, died November 13, 1922.   I hold that a valid trust was created which terminated on the death of Frank McKee.   I further hold that the fund accounted for should be distributed outright, one-half to the Actors' Fund of America and one-half to the Lambs' Club.   The language of paragraph 11 evidences clearly the intention of the testator to give to these two corporations the income of the entire fund after the death of Frank McKee, without limit as to time, subject only to the trust for the care of the mausoleum.   The bequests were made to corporations, and the gifts of income are to be considered as in perpetuity.

It is a well-settled rule that a gift of the income of property, without limitation upon the time of enjoyment and with no other disposition of the corpus, must be construed as a gift of the corpus. (*Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135; *Matter of Ingersoll*, 95 App. Div. 211; *Matter of Sackett*, 201 id. 58; *Matter of Goldmark*, 186 id. 447; *Hatch* v. *Bassett*, 52 N. Y. 359, 362.)   The limitation over to the town of Charlestown may be disregarded.   The contingency on which it was to take effect never occurred.   The gift to the town was to take effect only in case both corporations had ceased to exist before the death of the life tenant, Frank McKee.   Both were in existence at his death. The account discloses that the sum of seventy-five dollars per annum has been sufficient to care for the mausoleum.   The decree may provide for the payment over to the substituted trustee of a fund sufficient to yield that amount.

The objections of Grace L. Dasher are sustained.   The account discloses that the royalties and film rights accounted for in Schedules F and G were received and disposed of by the deceased executor, McKee, as agent, and not as the representative of the estate.   They are improperly included in the account, and the motion to strike them out is granted.

The decree to be entered should also make the appropriate change in the amount of cash set forth in Schedule E.   Tax costs and settle decree on notice accordingly.