In the Matter of the First Judicial Settlement of the Account of Proceedings of ANNE ESTEP LIPPS (Formerly ANNE ESTEP DICKINSON) and Another, as Executrices and Trustees of HARRY MAGRUDER DICKINSON, Deceased.

Surrogate's Court, Westchester County, March 4, 1927.

Wills — construction — will created trust with direction that it be divided into as many equal parts as testator left children surviving — income of said parts was given to wife, but in event she married, principal of one part was given to one daughter and income of other part to other daughter — testator did not limit duration of time during which daughter was to receive income on remarriage of widow — widow remarried — gift of income, without limitation, tends to vest in beneficiary capital of which income is given.

A will which created a trust fund with a direction that it be divided into as many equal parts as testator left children surviving, and then provided that the income

of said parts should go to his wife, but in the event that she died or remarried the principal of one part be given to one daughter and the income of the other part to testator's other daughter, must be construed, on the remarriage of the widow and in the absence of any limitation with respect to the duration of time in which the said daughter was to receive the income, as entitling said daughter to the principal of one-half of the trust, since under such circumstances the gift of income may well be regarded as vesting in the beneficiary the capital of which the income is given.

Accounting proceeding involving construction of will.

*Arthur Bell*, for the petitioners.

Slater, S. The testator bequeathed outright to his wife one-third of the residuary estate. He then directed that the rest, residue and remainder, which amounted to two-thirds of the residue, should be held in trust for certain purposes. He further directed that this residue be divided into as many equal parts as he left children him surviving, namely, two, and directed the trustee to pay the income from said parts to his wife, so long as she lives and continues his widow. Upon her death or remarriage, whichever occurs first, " to pay over the principal of one of said equal parts " to the daughter Sue, if she shall then be living, and to pay over the income quarterly or oftener of the other equal share to the daughter Anne Estep Dickinson, if she shall then be living.

The widow remarried October 9, 1925. Both of the daughters are alive. The question relates to the equal share or part given to the daughter Anne. No limitation is made with respect to the duration of time in which Anne is to receive this income. Neither is any provision made for the ultimate vesting of the corpus.

The gift of income tends to vest in the beneficiary the capital of which the income is given. (*Cammann* v. *Bailey*, 210 N. Y. 19.) " It is a well settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus." (*Matter of Allen*, 111 Misc. 93, 125; affd., 202 App. Div. 810; mod. and affd., 236 N. Y. 503, and the cases cited in the opinion; *Matter of Hoyt*, 124 Misc. 857.)

Submit decree upon this judicial accounting directing the executors to deliver over in fee to the said daughter Anne a one-third part of the residue.