In the Matter of the Estate of HARRY MAGRUDER DICKINSON.

Surrogate's Court, Westchester County, March 4, 1927.

**Wills — construction — testator gave two-thirds of residue of estate in trust and directed division thereof into two parts — on remarriage of widow, principal of one part was given to one daughter and income of other part to second daughter — in absence of limitation as to duration of time for payment of income, gift to second daughter was intended as gift of corpus.**

This will, wherein testator gave two-thirds of the residue of his estate in trust, with the direction that said residue be divided into two parts and the income thereof be paid to his wife for life, and as long as she remained his widow, but in the event she remarried the principal of one part should go to one daughter and the income of the other part to the second daughter, must be construed, in the absence of any limitation as to the duration of time for payment of the income to the second daughter, as a gift of the corpus. A gift of income of property, without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus.

ACCOUNTING proceeding involving construction of will.

*Arthur Bell*, for the petitioners.

SLATER, S.   The testator bequeathed outright to his wife one-third of the residuary estate.   He then directed that the rest, residue and remainder, which amounted to two-thirds of the residue, should be held in trust for certain purposes.   He further directed that this residue be divided into as many equal parts as he left children him surviving, namely, two, and directed the trustee to pay the income from said parts to his wife, so long as she lives and continues his widow.   Upon her death or remarriage, whichever occurs first, " to pay over the principal of one of said equal parts " to the daughter Sue, if she shall then be living, and to pay over the income quarterly or oftener of the other equal share to the daughter Annie Estep Dickinson, if she shall then be living.

The widow remarried October 9, 1925.   Both of the daughters are alive.   The question relates to the equal share or part given to the daughter Annie.   No limitation is made with respect to the duration of time in which Annie is to receive this income.   Neither is any provision made for the ultimate vesting of the corpus.

The gift of income tends to vest in the beneficiary the capital of which the income is given.   (*Cammann v. Bailey*, 210 N. Y. 19.) " It is a well settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus." (*Matter of Allen*, 111 Misc. 93, 125; affd., 202 App. Div. 810; mod. and affd., 236 N. Y. 503, and the cases cited in the opinion; *Matter of Hoyt*, 124 Misc. 857.)

Submit decree upon this judicial accounting, directing the executors to deliver over in fee to the said daughter Annie a one-third part of the residue.