In the Matter of the Estate of SMITH E. HARDING, Deceased.

Surrogate's Court, Steuben County, January 8, 1935.

*Lyle W. Jackson,* for the petitioner.

*E. V. Champlin,* for the respondents.

WHEELER, S. This is a proceeding to obtain a judicial construction of the fourth paragraph of decedent's will. The testator died February 23, 1931, leaving no father, mother or descendants, but was survived by sisters, brothers and a widow, who is the petitioner in this proceeding.

After making certain general bequests, the testator undertakes to dispose of the " Rest, residue and remainder " of his property by giving fractional parts thereof to brothers, sisters and nephews. One-sixth of the residue is left in trust for a brother Lester Harding, " For and during the term of his natural life," but with provisions for a gift over upon the death of the brother. A similar trust of one-sixth of the residue is also established for another brother, Charles Harding, with substantially the same conditions, including a gift over upon the death of the life beneficiary.

The controversy here presented arises out of the meaning to be attached to subdivision " B " of the fourth paragraph of the will, which seems to be a trust of one-sixth of the residue of the estate for the benefit of a sister of decedent, Mary Harding Fisher Hallett, who died subsequent to the death of the testator, but before receiving any part of the principal of the trust. Subdivision " B " reads as follows:

" B. An undivided one-sixth (1/6) thereof to Sarah E. Harding, to be held in trust for my sister, Mary Harding Fisher Hallett, and I direct said Sarah E. Harding, whom I now nominate and appoint as such trustee, to invest and keep the same invested and to receive the rents, income and profits therefrom, after defraying all lawful charges, and to pay the net income therefrom semi-annually to the use of said Mary Harding Fisher Hallett, and to pay the principal thereof, as the same may be needed and required, for the maintenance, comfort and support of said Mary Harding Fisher Hallett."

The widow of the testator now contends that inasmuch as the will does not dispose of the corpus of the trust fund remaining in the hands of the trustee at the sister's death, it is to be considered as unbequeathed assets, which pass to the distributees of the testator as in the case of intestacy.

If it is to be assumed that the gift has in fact lapsed, or otherwise failed for the lack of proper testamentary disposition, I would be inclined to agree with the widow's contention. The gift of the residuum under such conditions having failed, the property would unquestionably pass to the widow in this case as sole distributee as in the case of intestacy.

The general rule that a residuary clause passes whatever is not otherwise effectually disposed of, is inapplicable where a part of the residuum, or a residue of a residue, is in question. In such a case the part as to which disposition has failed will go as in case of intestacy, and the residuum passing under the residuary clause will not be augmented by a residue of a residue. (*Wright* v. *Wright*, 225 N. Y. 329, 340; *Matter of Opdyke*, 230 App. Div. 290; New York Law of Wills, vol. 2, § 699.)

However, I am unable to conclude that the gift in question has in fact lapsed or otherwise failed. The testator directs that one-sixth of his residuary estate be held in trust for his sister, Mary Harding Fisher Hallett, and that the income therefrom as well as the principal be paid to her as the same may be needed and required for her maintenance, comfort and support. There is no limitation of the time during which the sister shall enjoy this gift, and neither is there any gift over of any remainder after the death of the sister, or at any other time. It is a well-settled rule, both in this

jurisdiction and in England, that a gift of income of property without limitation with respect to the time of enjoyment, and with no other disposition of the corpus, is intended as a gift of the corpus. (*Matter of Goldmark*, 186 App. Div. 447; *Hatch* v. *Bassett*, 52 N. Y. 362; *Locke* v. *Farmers' Loan & Trust Co.*, 140 id. 146; *Matter of Ingersoll*, 95 App. Div. 211; *Matter of Sackett*, 201 id. 58.)

Under the above authorities, I, therefore, hold that it was the intent of the testator to give, devise and bequeath the said one-sixth of his residuary estate to the said Mary Harding Fisher Hallett absolutely, and that the gift to her was absolute, and carried with it the corpus of said trust, and that upon her death such share passes to her distributees or legatees, as the case may be.

Decree may enter accordingly on five days' notice.