In the Matter of the Probate of the Will of JENNIE B. CLONNEY, Deceased.

Surrogate's Court, Broome County, June 30, 1947.

*Neil G. Harrison* for petitioner.

*Herbert H. Ray* for Edith R. Giglio, respondent.

*Robert S. Badger,* special guardian for first cousins unknown.

PAGE, S. In the proceeding for the probate of the last will and testament of the decedent above named, petitioner prays for a construction of certain provisions of said will pursuant to section 145 of the Surrogate's Court Act.

The construction question to be resolved pertains to the residuary paragraph " Sixth " of the will as its provisions may be affected by paragraph " Seventh " thereof.

Paragraph " Sixth " gives shares in the residuary estate to each of nine beneficiaries. Each is bequeathed (there is no real property in the estate) one tenth, except in the case of one of them, two tenths. All these residuary bequests are without any substitutional provision, except in the instances of two of them where substituted legatees were named.

Two of the seven other residuary beneficiaries predeceased the testatrix. The practical question presented is as to the devolution of the two residuary tenth portions originally bequeathed to them. These two residuary legacies having lapsed, the question is did the testatrix die intestate as to these two tenths of her residuary estate? That she did so would be beyond all question except for the provision she incorporated as paragraph " Seventh " of her will.

This provision is: " *Seventh:* I direct that all lapsed and void legacies shall revert to and become a part of my residuary estate."

It is elementary that questions of testamentary intent must be resolved in the light of circumstances as they were at the time the testator executed his will and are not affected by conditions arising subsequently. In the present situation the testatrix could know nothing as to whether all or none or some or which ones, if any, of the nine primary and two secondary beneficiaries under the residuary paragraph of her will would survive her. Evidently, she was willing to (at the hazard of dying partially intestate if any of them did not survive her) assume the risk that some of the eleven would survive her. Either this, or she may have contemplated that, if all her residuary legatees should predecease her, she would make a new will. Her manifest purpose as expressed in paragraph "Seventh" was to see to it that her will contained a blanket or catchall provision that would automatically take care of the situation, however it might be at her demise, as to the nine primary and two secondary residuary beneficiaries, if some of them should predecease her, provided one or more of them survived her. Even in the cases of the two primary beneficiaries as to each of whom she had provided substitutional legacies, she, of course, could not be assured but that both the original and substitute beneficiaries might not be living at her death.

Does the recognition and effectuation of her sufficiently expressed purpose violate any principle of public policy or otherwise contravene any applicable principle of the law of testate succession as established in this State?

The only principle which may be regarded as tentatively applicable to the present situation is as stated in *Cochrane* v. *Schell* (140 N. Y. 516, 537) which is: "But it was held that where the devise or gift was of a residue, as to part of which the disposition fails, that part will not accrue in augmentation of the remaining part, as a residue of a residue, but instead of retaining the nature of residue, devolves as undisposed of."

The same theory has been applied in other cases as, for example, in *Wright* v. *Wright* (225 N. Y. 329, 340) where the Court of Appeals was concerned with the construction of a residuary provision of a will and stated as follows:

"It is the familiar rule that a general residuary clause will include and be applicable to lapsed legacies. This rule also governs devises of real estate which fail. So anxious is the law to avoid intestacy that where the language of a residuary clause is ambiguous the courts will give it a broad rather than a restricted interpretation so as to include such legacies. (*Lamb* v. *Lamb,* 131 N. Y. 227, 234.)

" While, however, this is the general rule in respect of residuary clauses it is not the rule in respect of a residuary clause where the legacy which has failed and lapsed was intended to be a disposition of part of the residue. In such a case, on failure of the intended legacy of part of the residuum, the part as to which disposition has failed will go as in case of intestacy and the residuum passing under the residuary clause will not be augmented by a ' residue of a residue.' The reason for this distinction in most cases is not very apparent, satisfactory or convincing. The one most often·given is based on the assumption that it could not have been the intent of the testator in disposing of his residuary estate that a bequest of the residue thereof should be augmented by the lapse of other bequests from such residuum. (2 Redfield on Wills [2d ed.], 118, 119.) "

This is a technical rule of construction and not on a parity with principles of public policy and otherwise which are invariably deemed to command controlling effect in all instances where they are reasonably applicable. The above stated rule yields to any sound indication of a positive contrary intent and expression thereof sufficient to definitely guide the court as to the contemplated devolution·envisaged by the testator, in the event that unforseeable lapses do occur.

The present situation is distinguishable from those presented in each of the last two above-cited cases. It comes under the rule of *Oliver* v. *Wells* (254 N. Y. 451, 457–458) wherein the court by CARDOZO, Ch. J., stated: " There is indeed a technical rule, reluctantly enforced by courts when tokens are not at hand to suggest an opposite intention, that a gift of ' a residue of a residue ' is not to be augmented by the lapse of another gift out of the general residuum (*Wright* v. *Wright,* 225 N. Y. 329, 340). The testator has been careful to guard against the application of that rule to the gift of the remainder on the termination of the trusts. He has added to the eighth subdivision of his will the following, ' this clause to be construed and considered as the residuary clause of this my last will and testament.' The intention is thus manifest that the gift shall be a dragnet that will cover every interest not effectively disposed of otherwise."

In the present case " tokens " are at hand not only to serve as the basis of an entirely rational inference of the testator's plan but also as a clearly and positively stated mandate in relation thereto. The legal and logical reasoning, applicable here as well as there, was well stated by the Vice Chancellor in the case of *Aitken* v. *Sharp* (93 N. J. Eq. 336, 343) as follows:

" Neither the industry of counsel nor my own examination have discovered any case in this state which decides that where a testator, either by express words or plain implication, provides that gifts of the residue shall not lapse but shall sink into or continue therein, the testator shall be regarded as dying intestate as to such gifts. I feel, therefore, at liberty to give effect to the intent of the testator regardless of the earlier English decisions above referred to. Taking the entire will into consideration, it is quite plain that the testatrix did not intend to die intestate as to any portion of her property. She anticipated that some of her beneficiaries might die in her lifetime, and made provision for such event, and, therefore, in the third paragraph, she not only gave to her residuary devisees and legatees all the rest, residue and remainder of her estate, both real and personal, in certain proportions, but she expressly provided that such residue should include lapsed legacies. It is argued that this language is applicable only to the general and specific legacies in the second paragraph mentioned. I think this interpretation is too narrow. She does not say that these words are applicable to the legacies theretofore given, but refers to legacies generally, and this language is broad enough to include all the legacies given in her will."

A mechanical detail remains to be considered. This is as to the necessary modification of the fractional division of the estate residuum as a whole. The will provides for this division into tenths. But, along with this, must be read and integrated the above-quoted provision of paragraph " Seventh ". The fact is, as of the date of the testatrix' death, that two of the tenth shares had lapsed. In view of this being the actual situation, the method of fractional division of the residuum preparatory to the distribution thereof becomes a division into eighths and distribution thereupon to the surviving residuary legatees accordingly.

As to the disposition of the specific legacy to A. M. Clonney provided in paragraph " Fourth " of the will, there can be no serious question in relation to its present devolution. It consisted of ten shares of Mesier Realty Corporation. The legatee predeceased the testatrix. The legacy, therefore, lapsed and now becomes merged in the residuum as it would have anyhow if this legatee had survived, because the testatrix disposed of the subject matter of this legacy during her lifetime and it, therefore, is adeemed.

Decree may be entered accordingly.