In the Matter of the Accounting of MINKA BEUCKMANN et al., as Executors of EDA BEUCKMANN, Deceased.

Surrogate's Court, Broome County, February 10, 1953.

*Charla G. Hull* for executors, petitioners.

PAGE, S. This is a proceeding for the judicial settlement of the account of the executors of the last will and testament of Eda Beuckmann, deceased, necessarily involving the construction of Paragraph " Fourth " of the will of said deceased, which provides: " Fourth. I give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal and wherever situate, to my sisters Agnes Beuckmann and Minka Beuckmann, share and share alike, except that the share of Agnes Beuckmann shall be held by my executors hereinafter named in trust and the proceeds of such share be turned over to Agnes Beuckmann or used for her benefit in the judgment of my said executors."

A single question is presented, namely, whether a trust is created as to the share of testatrix' sister, Agnes Beuckmann, or whether, in legal effect, there is no trust involved. If the latter, Agnes Beuckmann will, directly and individually, take her share of the residuary portion of the estate.

Plainly no trust is created. Essential elements of a trust are lacking. No term of a trust is provided and there does not purport to be any disposition of a remainder upon the expiration of a trust's term.

The situation here encountered is governable by the rule established in the case of *Hatch* v. *Bassett* (52 N. Y. 359). In that case, the Court of Appeals applied the rule derived from the earlier case of *Paterson* v. *Ellis* (11 Wend. 259, 262) in effect, that a gift of income of property without limitation as to time, and without mention of the principal or corpus (in the sense of providing for any ultimate vesting thereof) operates as a gift of the property itself to the beneficiary of its income. The same rule, as restated in *Hatch* v. *Bassett* (*supra*) is, " A general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself." Some of the later cases recognizing and effectuating this rule are: *Matter of Allen* (111 Misc. 93); *Matter of Goldmark* (186 App. Div. 447); *Matter of Dibble* (76 Misc. 413); *Mott* v. *Richtmyer* (57 N. Y. 49); *Cammann* v. *Bailey* (210 N. Y. 19); *Locke* v. *Farmers' Loan & Trust Co.* (140 N. Y. 135); *Matter of Putnam* (112 Misc. 315); *Matter of Sackett* (201 App. Div. 58); *Matter of Ingersoll* (95 App. Div. 211), and *Matter of Harris* (138 Misc. 287).

In the case of *Matter of Edwards* (199 Misc. 58) this court had a recent occasion to deal with the application of this rule. In that case, the relevant authorities were considered and dis-

cussed in extensive detail. As in the present case, the testamentary provision spoke of a "trust" but failed to provide any limitation of the time of its duration or any disposition of the remainder thereof. In that case, there was a separate residuary provision contained in the will. Upon that basis it was strenuously contended that, the alleged life beneficiary having died, the remainder of the fund which had been, during her lifetime, treated and administered as if it had been a trust, would be included within the assets of the estate devolving in accordance with the general residuary provision of the will there in question. But a comprehensive investigation of the authorities and considering their bearing and effect resulted in the determination that the legal representative of the estate of the deceased beneficiary was entitled to take the balance of the fund then remaining.

In the present case the paragraph directly in question is itself the residuary disposition of this decedent's estate. There is, therefore, here no basis for a similar contention that the testatrix might or could have intended or contemplated the benefiting of anyone other than her sister, Agnes Beuckmann. There is no alternative intestacy involved.

The conclusion follows that Agnes Beuckmann is entitled to take one half the residuary portion of the estate in all respects on equal terms with the testatrix' other sister, Minka Beuckmann.

Settle decree accordingly.