Samuel Faile, S.
The petitioners in this trustees ’ accounting-proceeding seek construction of article “ third ” of testator’s will to determine whether or not legacies to remaindermen of a residuary trust vested absolutely at the date of death of testator.
The testator died a resident of Westchester County on October 29, 1942. His will dated March SO, 1940 was duly admitted to probate by this court and letters testamentary thereon were issued on December 19, 1942 to the New Rochelle Trust Company and Juanita Dey Currie. Juanita Dey Currie having died on April 14, 1955, the account has been rendered by the executors of such deceased trustee and the surviving cotrustee.
The will, after providing for the payment of debts and funeral expenses, directs that all of testator’s personal effects except ‘ ‘ cash in hand, securities, or real estate ’ ’ be paid to the surviving spouse. Under article “ third ” the testator gave one half of his residuary estate to his wife and the remaining half to his trustees to be held in trust during the lifetime of his wife. Article “ third ” further provides as follows:
*887 “ and upon her death or if she should predecease me, the entire proceeds of the remaining principal and unearned income, including all of the estate to which she would have been entitled had she survived me, I direct shall be divided into ten equal parts or portions and I give, devise and bequeath them as follows: two equal parts or portions to my grand nephew Philip s. dey, now with the Marine Manufacturing & Supply Co. 228-30 Greenwich Street, New York, N. Y,, four of such equal parts or portions to my niece, Juanita d. cubrís, of Pelham Manor, N. Y., one of such parts or portions to remington schuyler, of Westport Connecticut, one of such equal parts or portions to Mrs. Lois Covey now at R. F. D, #2, Torrington, Connecticut and two of such equal parts or portions to Eleanor S. Mills, of Pelham Manor, N. Y.
“ Should any of the foregoing legatees predecease either myself or my wife, I direct the portion to which he or she would be legally entitled shall become a part of my residuary estate.” (Emphasis added.)
On January 10,1956 the trust created under article “ third ” was terminated by the death of testator’s wife. Although all of the named remaindermen survived the decedent, two of the remaindermen, Remington Schuyler and Juanita Dey Currie, died prior to the termination of the trust. Although one of the two deceased remaindermen was a niece of testator, the provisions of section 29 of the Decedent Estate Law would not prevent her legacy from lapsing. (Matter of King, 200 N. Y. 189.) The issues raised in this proceeding require the court to determine whether the legacies to the two deceased remaindermen vested absolutely at the date of testator’s death, or, if not, to whom such remainders are payable.
The primary canon of construction, to which all others are subordinate, requires that the court give effect to the intention of the testator when ascertained. (Matter of Buechner, 226 N. Y. 440.) The special guardian urges that if the language used by the testator in article ‘ ‘ third ’ ’ is ambiguous, the court should determine that the legacies vested absolutely at the death of testator on the ground that the law favors the early vesting of estates. In Dougherty v. Thompson (167 N. Y. 472) the court in an opinion by Landon, J., at page 483, stated: “ It is true that the law favors the vesting of legacies as early as possible, but it does so to avoid perpetuities, intestacy, illegal suspension of the power of alienation, and to effect an intent which might otherwise be defeated. But when the intent is clearly otherwise and not violative of any statutory restriction, it must prevail. The intention is the paramount rule of con *888 struction.' Most of the other rules are aids to the discovery of the testator’s intention, or to the application of it.” (Emphasis added.)
It might be urged that if the legacies did not vest absolutely at the date of testator’s death, then such legacies have lapsed and, therefore, pass as intestate property on the theory that a lapsed portion of a residuary gift will not be used to augment the share of the surviving residuary legatees. (Wright v. Wright, 225 N. Y. 329.) However, a residuary clause is presumed to include therein all of testator’s property not otherwise disposed of, and any ambiguity is liberally construed by the courts in order to avoid intestacy. (Meeks v. Meeks, 161 N. Y. 66; Lamb v. Lamb, 131 N. Y. 227; Williams v. Petit, 138 App. Div. 394.)
In Matter of Clonney (189 Misc. 542), paragraph “sixth ” of the will provided for the distribution of the residuary estate to named remaindermen. Paragraph “ seventh ” provided: ‘ ‘ I direct that all lapsed and void legacies shall revert to and become a part of my residuary estate ’ ’. The will contained no other provisions for the disposition of the residuary estate. In construing the will, the court held that the legacies to the two remaindermen who predeceased the testator, which otherwise would have lapsed, were distributable to the surviving residuary legatees. In Matter of Gnotosky (82 N. Y. S. 2d 497), the testator provided for the division of his residuary estate into five equal parts, and directed that one such part be held in trust, and upon the termination of the trust the remainder thereof “ become and form a part of my residuary estate and to be divided as hereinafter distributed ”. The testator directed that the remaining four parts be paid to each of four named legatees. The court determined that upon the termination of the trust the remainder was payable to the other four residuary legatees, two of whom had predeceased the termination of the trust, on the grounds that, although inaptly stated, the testator contemplated an initial residue and a supplemental residue.
The testator envisioned an initial residuary estate to be distributed among those remaindermen who survived both him and his wife. Express provision was made for a substitutionary disposition through the medium of a supplemental residuary estate as to the share of a named remainderman who failed to survive either the testator or his wife. The will imposes survivorship of decedent and his wife as a condition of the right to share. The testator did not intend to die intestate with respect to any portion of his estate and provided for distribu *889 tion of a supplemental residuary estate among such named remaindermen as survived both himself and his wife. Accordingly, the legacies which Juanita Dey Currie and Remington Schuyler would have received had they survived the wife of testator are distributable to the surviving remaindermen in the same relative proportions as among themselves as provided for in the initial disposition of the residuary clause: Philip S. Dey, 40%; Lois Covey, 20%; Eleanor S. Mills, 40%.
Settle decree.