W. Vincent Grady, S.
Application has been made to this court for a construction of paragraph numbered “ Sixth” of the last will and testament of Jesse J. Graham, deceased.
This paragraph provides as follows:
“ Sixth: I direct my Executors hereinafter named to sell, convey and convert into cash all the rest, residue and remainder, of my estate, both real and personal, of every name and kind and wheresoever situated at such time or times and in such manner as my said Executors may deem to be to the best interests of my estate and I direct them to divide the net proceeds therefrom into seven equal shares or parts and pay over and distribute the same as follows:
“ One share to my daughter, Dorothy G. Quinterro
‘ ‘ One share to my son, Malcolm S. Graham
“ One share to my son, Douglas W. Graham
“ One share to my daughter, Jane G. Parker
“ One share to my son, Horace S. Graham
“ One share to my Executors to be held by them in trust for the benefit of my son, George Kenneth Graham and to invest, reinvest and keep the same invested and to collect and receive the rents, issues, income and profits therefrom and to pay, use and apply the same, together with so much of the principal as they may deem necessary towards his proper care, maintenance and support, and if it shall be deemed expedient, to use so much of the principal as may be necessary to secure his admission to Vassar Brothers Home for Aged Men at Poughkeepsie, N. Y.
“ One share to my grandchildren, Kelsey DuBois Graham, Henry Allen Graham and Priscilla Elvira Graham, the children of my deceased son, Kelsey DuBois Graham, in equal shares.” The decedent, Jesse J. Graham, was a resident of the City of Poughkeepsie, Dutchess County, N. Y., and departed this life on March 29, 1957 leaving a last will and testament which was admitted to probate in this court on May 14, 1957.
George Kenneth Graham, the beneficiary of the trust created in paragraph ‘ ‘ Sixth ’ ’ of said will, died on April 30, 1961, and *372 there remains in said trust fund the sum of $4,150.70 plus interest.
The issue is whether testator by paragraph “ Sixth ” of his will, left a trust for life, in one seventh of his residuary, to his son George Kenneth Graham, with a resultant intestacy as to the undisposed remainder of the corpus of said trust at George’s death, or, did testator leave said son an absolute and outright interest in one seventh of his residuary estate?
It has long been a cardinal principle of construction that the intention of the testator is to be sought in all his words, and when ascertained is to prevail unless contrary to public policy or an established rule of law. (Matter of Buechner, 226 N. Y. 440.) In Matter of Newhouse (29 Misc 2d 1021, 1028), it was held that, “ ‘ The prime consideration here as in all construction proceedings is the intention of the testator as expressed in the will. All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy. This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed ’ ”, and reference was made to Collister v. Fassitt (163 N Y. 281).
A general gift of the income making no mention of the principal, is equivalent to a general gift of the property itself. (Hatch v. Bassett, 52 N. Y. 359, 362.) In Matter of Allen (111 Misc. 93,125, affd. 202 App. Div. 810, mod. 236 N. Y. 503) it was held that a gift of income tends to vest in the beneficiary the capital of which the income is given. In Cammann v. Bailey (210 N. Y. 19) it was held that it is a well-settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus. In Matter of Sackett (201 App. Div. 58) the will provided :1 ‘ Third. The balance of my residue to be divided equally between my sister Emily Knickerbocker and Alice Bobinson my niece. My sisters share Emily Knickerbocker to be held in trust by my executor, he to use the interest and if necessary the principal for her maintenance.” It was held in this case that it was the intent of said testator to give the said one-half share of his residuary estate to Emily Knickerbocker absolutely, and that upon her death such share passed to her next of kin. In Matter of Smith (131 N. Y. 239) it was held that the gift of the income of property is a gift of the property itself where *373 there is no limitation of time attached to the gift. (Also, see, Matter of Frayer, 155 Misc. 811; Matter of Ingersoll, 95 App. Div. 211.)
It is a general rule of construction that vesting of estates is favored over intestacy (Matter of Montgomery, 166 Misc. 347; Davidson v. Jones, 112 App. Div. 254, 256; Corse v. Chapman, 153 N. Y. 466; Matter of Russell, 168 N. Y. 169; Matter of Schriever, 221 N. Y. 268).
A residuary clause is presumed to include all of a testator’s property not otherwise disposed of and any ambiguity is liberally construed by the courts in order to avoid intestacy (Matter of Dey, 7 Misc 2d 886).
That construction is favored which will produce equality between children of a testator. (Matter of Harden, 177 App. Div. 831, 835, affd. 221 N. Y. 643; Ward v. Stanard, 82 App. Div. 386; Stokes v. Weston, 142 N. Y. 433.)
In the instant case, Jesse J. Graham intended equal distribution of his entire residuary estate to all his children with the grandchildren taking the share of their deceased father, Kelsey Du Bois Graham. Although testator did provide for George’s share to be administered by the executors as a “ spendthrift ” trust without limitation, nevertheless he indicated that the gift to George was absolute by making no provision for the further distribution of the corpus of the trust on George’s death. He certainly did not intend to die intestate as to any of his property.
Based on the authorities cited and the clear intent expressed by testator in his will, it is the opinion of this court that George Kenneth Graham, received one seventh of the residuary absolutely, and the balance of the corpus of the trust at his death passed to George’s executors for distribution pursuant to his last will and testament.