Frank D. Paulo, S.
The executor has petitioned the court for a decree settling the account of his proceedings, and has also asked for a construction of the decedent’s will.
The testatrix died a resident of this county on November 1, 1960. The will of the testatrix dated July 1, 1953, and her codicil dated February 11, 1955, were admitted to probate by decree of this court.
The court is called upon in this proceeding to construe paragraph ‘ ‘ Second ’ ’ of her codicil, which reads as follows:
1 ‘ I hereby amend and modify the Third Paragraph of my aforesaid Last Will and Testament so that the same shall now read as follows:
‘ ‘ All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and description, whereof I may die seized or possessed or in which I may in any manner be entitled at the time of my death, and wheresoever the same may be situated, including lapsed legacies, I give, devise and bequeath unto my friends, Miss Ellen Donnell, residing at 257 Gilbert Avenue, Pearl River, New York, Mrs. Emma Alston, residing at 752 Sea View Avenue, Staten Island, New York, James Craven, residing at 306 Garretson Avenue, Staten Island, New York and Daniel Schultz, residing at 406 Garretson Avenue, Staten Island, New York, share and share alike.”
Miss Ellen Donnell, one of the residuary beneficiaries, predeceased the testatrix. The question raised by this event is whether the gift to Miss Donnell passes as intestate property to decedent’s distributees or whether the surviving residuary legatees take.
Where bequests are made nominatim in the residuary clause of a will, it has been the long-established rule that the legatees take as tenants in common, and upon the demise of a tenant in common before the testatrix the gift lapses, and cannot be used to augment the shares of the surviving residuary legatees. (Cochrane v. Schell, 140 N. Y. 516, 537.) The rule has been characterized as unsatisfactory and unduly technical, but has been followed, in the absence of evidence of a contrary intent expressed by a testator. (Wright v. Wright, 225 N. Y. 329; *1058 Oliver v. Wells, 254 N. Y. 451, 457; 3 Jessup-Redfield, Law and Practice in Surrogates’ Courts, p. 330.)
The court is required in the construction of a will, to seek out the intention of a testatrix by an examination of the entire instrument. A residuary clause should receive a broad rather than a narrow construction, since the inclusion of such a provision presumptively indicates an intention not to die intestate as to any of the decedent’s property. (Lamb v. Lamb, 131 N. Y. 227.)
An examination of the will and codicil in this proceeding provides us with “ tokens ” of the testatrix’ intention (Oliver v. Wells, supra) that take this residuary clause out of the usual rule. Except for a direction to the executor, to expend $200 imperpetua! care on the plot of a deceased brother, the only dis-positive provision in the will and codicil is in the residuary clause.
When the testatrix made out her codicil, she recited therein that one of the residuary legatees named in her will had died. She added another legatee in the residuary clause and also added the words “ including lapsed legacies,” which were not in the original residuary clause or paragraph ‘ ‘ Third ’ ’ of her will. Since there were no legacies which could lapse except those contained in the residuary clause of her codicil, the court determines that it was the intention of the testatrix to have any lapsed legacy pass to the surviving residuary legatees. Any other construction would render this language without meaning of any kind. (Matter of Clonney, 189 Misc. 542; Matter of Pearsall, 140 N. Y. S. 2d 71.)
In Aitken v. Sharp (93 N. J. Eq. 336, 338) the Chancellor had before him for construction a residuary clause containing the language, ‘ ‘ thus including lapsed legacies”. He rejected the argument that this applied only to prior gifts which had lapsed and found that these words embraced lapsed gifts in the residuary clause, itself.
The residuary will be divided into three shares and distributed to the residuary legatees accordingly.