CARL B. FERGUSON, trustee, *vs.* MASSACHUSETTS SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN & others.

Norfolk.    December 10, 1975. — December 31, 1975.

Present: HALE, C.J., KEVILLE, & GOODMAN, JJ.

*Devise and Legacy,* Remainder, Residue clause, Construction against intestacy.

Where the terms of a will gave a life estate in trust with the remainder to be divided among eight charities and two individuals, one of whom was also named as residuary legatee, and provided that if any of the legatees predeceased the testatrix his legacy should be disposed of under the residuary clause, and where another clause provided that if the residuary legatee predeceased the testatrix, the

residue was to become part of the trust, at the termination of the life estate the share of the residuary legatee, who had predeceased the testatrix, did not pass by intestacy but was to be divided among the surviving interests in remainder. [695-696]

PETITION filed in the Probate Court for the county of Norfolk on June 12, 1973.

The case was heard by *Podolski, J.*

*Paul J. Burns,* administrator, pro se.

*Albert M. Fortier, Jr.* (*R. Robert Woodburn, Jr.,* with him) for New England Hospital.

*William B. Trafford* for Massachusetts Society for the Prevention of Cruelty to Children & others (*Patience T. Huntwork,* for Animal Rescue League of Boston, with him).

KEVILLE, J.   This is a petition for instructions brought by the trustee under the will of Albertina von Arnim, late of Brookline, Massachusetts, who died in 1936 leaving a first cousin, now deceased, as her next of kin. The will is divided into three sections, disposing respectively of her own property, appointive property under her mother's will and appointive property under the will of her father. Each section of the will contains a residuary clause — clauses SIXTH, TWENTIETH and TWENTY-FIRST. There follows an omnibus provision, applicable to the will as a whole, clause TWENTY-SECOND, which reads in part as follows:

> If any of the legatees named *in any part of this Will* shall die or cease to exist before the probate of this Will ... the legacy or legacies herein left to such legatee shall be disposed of according to the residuary clause of the section of my said Will under which the said legacy or legacies are set forth (emphasis supplied).

In addition to clause TWENTY-SECOND, clauses FIFTH and SIXTH of Section 1 of the will are particularly pertinent to the question at hand. Under clause FIFTH, the testatrix gave a life estate in trust to a friend, the remainder to be divided among eight charities and two

individuals, one of whom was her sister-in-law, Fannie I. von Arnim (Fannie). In clause SIXTH, she left the residue of her estate to Fannie with the contingency that in the event Fannie should predecease her, the residue was to become part of the trust fund established under clause FIFTH, "and the income and principal to be disposed of as therein set forth." Fannie predeceased the testatrix, who died in 1936. Accordingly, the trustee under clause FIFTH administered that trust with the accretion from clause SIXTH until the death, in 1970, of the life beneficiary.

A Probate Court decreed that the trust property held under clause FIFTH be distributed, two-ninths to the Massachusetts Society for the Prevention of Cruelty to Animals (which had acquired, in addition to its one-ninth, the interest of another charity named under that clause) and one-ninth each to the remaining six charities and Carl B. Ferguson, the surviving individual remainderman.

The representative of the estate of the next of kin of the testatrix contends that, in the circumstances, the rule that a lapsed residuary gift passes by intestacy applies here to that portion (one-tenth) of the trust fund left in remainder to Fannie, where she predeceased the testatrix.

We are to examine the will in its entirety in order to discern the intention of the testatrix. *Fitts* v. *Powell,* 307 Mass. 449, 454 (1940). *Loring* v. *Clapp,* 337 Mass. 53, 59 (1958). *Wheeler* v. *Kennard,* 344 Mass. 466, 469 (1962). She is presumed to have intended to dispose of all of her property by her will and a construction resulting in partial intestacy is not to be adopted unless plainly required. *Loring* v. *Clapp, supra,* and cases cited.

The language of the will makes it apparent that the testatrix intended to dispose of her entire estate therein. Contrast *Boston Safe Deposit & Trust Co.* v. *Schmitt,* 349 Mass. 669, 672 (1965). That view is reenforced by the inclusion of residuary clauses in each section of the will and by the supportive language included in clause TWENTY-SECOND. She makes clear in clause SIXTH that should Fannie predecease her, "all" the residue of her estate is to be disposed of under the provision of clause

FIFTH. Nowhere in the will is there a suggestion that she sought to remember her next of kin, whereas, in two sections of the will she remembers the charities which with Fannie were named as remaindermen in clause FIFTH.

The three critical clauses of the will are to be read in consonance. Clause TWENTY-SECOND directs the disposition of Fannie's share in remainder under clause FIFTH (in the event, which has occurred, of Fannie's failure to survive the testatrix) to clause SIXTH, which in turn, by clear implication, directs the disposition of that remainder among the surviving remainder interests named in clause FIFTH upon the termination of the life estate established thereunder.

The rule of construction that a lapsed residuary gift passes by intestacy (*Lyman* v. *Coolidge*, 176 Mass. 7, 9 [1900]; *Bray* v. *Bray*, 359 Mass. 439, 441 [1971]) is inapplicable, where, as here, the will includes an express provision for the occurrence of such an event. We discern a clear testamentary intention that Fannie's share should be divided among the surviving interests in remainder, and no indication that it pass by intestacy to the next of kin of the testatrix. *Matter of Clonney*, 189 Misc. 542, 546 (N.Y. Surr. Ct. 1947). *Matter of Dey*, 7 Misc. 2d 886, 888 (N.Y. Surr. Ct. 1956). *Matter of Cotterell*, 36 Misc. 2d 1056, 1058 (N.Y. Surr. Ct. 1962). Compare *Cape Cod Bank & Trust Co.* v. *Cape Cod Hospital, ante*, 279, 281 (1975).[1]

The decree is affirmed. Costs and expenses of all parties to this appeal are to be allowed in the discretion of the Probate Court.

*So ordered.*

---

[1] While, for all practical purposes, we reach the same result, we shy from the acceptance of the explanation advanced by certain of the charities that Fannie's share in remainder is destined to shuttle between clauses FIFTH and SIXTH because of the language employed therein until it becomes infinitesimal by gradual division among the surviving remainder interests. Obviously, the testatrix harbored no such intention. Whatever else she may have had in mind, it must be assumed that she intended that that share should come to rest somewhere short of infinity. See summary of *Holgate* v. *Jennings*, in 37 Solicitor's J. 303 (1893).